NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**AQUEL RASHEED,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2010-7087

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 09-3758, Judge Ronald M. Holdaway.

---

## ON MOTION

---

Before RADER, *Chief Judge,* LOURIE and O'MALLEY, *Circuit Judges.*

RADER, *Chief Judge.*

## ORDER

The Secretary of Veterans Affairs moves without opposition to vacate the judgment of the United States

Court of Appeals for Veterans Claims and to remand for further proceedings.

The appellant filed a notice of appeal with the Court of Veterans Claims more than 120 days after the Board of Veterans' Appeals mailed its decision in his case. That court dismissed the appeal as untimely, concluding that the 120-day appeal period established by 38 U.S.C. § 7266(a) for seeking review of Board of Veterans' Appeals decisions is jurisdictional and not subject to equitable tolling. The appellant sought this court's review.

This court stayed the briefing schedule in this appeal pending the United States Supreme Court's review of our decision in *Henderson v. Shinseki*, 589 F.3d 1201 (Fed. Cir. 2009) (en banc)) (affirming Court of Appeals for Veterans Claims determination that period to appeal to that court is not subject to equitable tolling). In *Henderson ex rel. Henderson v. Shinseki*, 131 S.Ct. 1197 (2011), the Supreme Court reversed this court's decision and concluded that the 120-day deadline for filing an appeal with the Court of Appeals for Veterans Claims does not have jurisdictional consequences. Because the Court of Appeals for Veterans Claims erred in concluding that the appeal deadline established by § 7266(a) is jurisdictional, we vacate the Court of Appeals for Veterans Claims' judgment and remand for further proceedings.

Accordingly,

IT IS ORDERED THAT:

(1) The motion is granted. The judgment is vacated and the case is remanded for further proceedings.

(2) All sides shall bear their own costs.

FOR THE COURT

<u>MAY 2 5 2011</u>                    <u>/s/ Jan Horbaly</u>
         Date                         Jan Horbaly
                                      Clerk

cc:  Michael D. J. Eisenberg, Esq.
     Meredyth Cohen Havasy, Esq.

s20

     Issued As A Mandate:    MAY 2 5 2011

                                  FILED
                        U.S. COURT OF APPEALS FOR
                           THE FEDERAL CIRCUIT

                             MAY 2 5 2011

                              JAN HORBALY
                                 CLERK