# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 08-1468

ANTHONY BOVE, APPELLANT,

AND

No. 09-3758

AQUEL RASHEED, APPELLANT,

AND

No. 10-2139

ALFONSO LOPEZ, APPELLANT,

AND

No. 10-2622

WESLEY L. KING, APPELLANT,

V.

ERIC K. SHINSEKI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before KASOLD, *Chief Judge*, and MOORMAN and DAVIS, *Judges*.

## O R D E R

As a result of this Court's decision in *Henderson v. Peake*, 22 Vet.App. 217 (2008) (holding that the 120-day time limit to file a Notice of Appeal (NOA) was jurisdictional and not subject to equitable tolling), a significant number of appeals were dismissed for lack of jurisdiction due to the untimely filing of an NOA. Although *Henderson* was affirmed by the U.S. Court of Appeals for the Federal Circuit (Federal Circuit), 589 F.3d 1201 (Fed. Cir. 2009), the U.S. Supreme Court ultimately held that the 120-day time limit to file an NOA pursuant to 38 U.S.C. § 7266(a)[1]–although an important procedural rule–was not jurisdictional, 131 S. Ct. 1197, 1206 (2011). The Supreme Court

---

[1] "In order to obtain review by the Court of Appeals for Veterans Claims of a final decision of the Board of Veterans' Appeals, a person adversely affected by such decision shall file a notice of appeal with the Court within 120 days after the date on which notice of the decision is mailed pursuant to section 7104(e) of this title." 38 U.S.C. § 7266(a).

expressed "no view" on the question of whether this rule was subject to equitable tolling. *Id*. at 1206, n.4. The case was remanded to the Federal Circuit, *id*. at 1206, and remanded without further comment by the Federal Circuit to this Court, 417 F. App'x 982 (Fed. Cir. 2011).

These cases are consolidated for the sole purpose of addressing whether the 120-day filing period is subject to equitable tolling and, if so, whether the circumstances in each case warrant equitable tolling. *See* U.S. VET. APP. R. 3(e) ("Appeals may be consolidated by order of the Court on its own initiative or on a party's motion."). The facts, in short summary, follow.

In *Bove*, subsequent to a November 9, 2007, Board decision, the pro se appellant filed an NOA at the regional office (RO) on January 14, 2008. At that time, he had 54 days remaining before his 120-day appeal period expired on March 10, 2008. The RO, however, did not forward the NOA to the Court until May 12, 2008, well after the 120-day period had expired. The Secretary moved to dismiss the appeal on July 23, 2008, for lack of jurisdiction and, in further briefing, expressly opposed equitable tolling (May 2009 Supplemental Memorandum of Law at 3-5). The appellant, through counsel, responded that this Court had jurisdiction to consider his appeal based on *Santana-Venegas v. Principi*, 314 F.3d 1293 (Fed. Cir. 2002) (accepting NOA submitted to the RO within the 120-day appeal period). *See* June 18, 2009, Appellant's Response to Mar. 12, 2009, Court Order at 4, 11. The Secretary did not thereafter respond. The Court dismissed the appeal based on a lack of jurisdiction, but the Federal Circuit vacated that dismissal after the Supreme Court's decision in *Henderson*. *See* 421 F. App'x 965 (Fed. Cir. 2011).

In *Rasheed*, subsequent to a January 12, 2009, Board decision, the appellant filed through counsel an NOA at this Court on October 9, 2009, well after the 120-day period had expired. The Secretary moved to dismiss the appeal based on a lack of jurisdiction. Subsequently, the appellant asserted that his mental disabilities prevented him from timely filing his NOA and that the notification he received regarding how to appeal was not properly tailored to his circumstances. The Secretary did not thereafter respond. The Court dismissed the appeal based on a lack of jurisdiction, but the Federal Circuit vacated that dismissal after the Supreme Court's decision in *Henderson*. *See* 424 F. App'x 953 (Fed. Cir. 2011).

In *Lopez*, subsequent to a February 25, 2010, Board decision, the appellant filed through counsel an NOA at the Court on June 28, 2010, one business day after the expiration of the 120-day appeal period. He asserts that his mental disabilities prevented him from timely filing his NOA. In briefing subsequent to the Supreme Court's decision in *Henderson*, the Secretary generally asserts that section 7266(a) is subject to equitable tolling and that equitable tolling might be appropriate in this instance. The Court has not yet acted on Mr. Lopez's appeal.

In *King*, subsequent to a March 8, 2010, Board decision, the pro se appellant filed an NOA at the RO on May 26, 2010. At that time, he had 41 days remaining before his 120-day appeal period expired on July 6, 2010. The RO, however, did not forward it to the Court until August 9, 2010, well after the 120-day period had expired. The Secretary presented no objection or comment as to whether the time to file should be equitably tolled. The Court dismissed the appeal based on lack of jurisdiction, but the appellant has filed for reconsideration.

We first discuss whether the 120-day period is subject to equitable tolling, and what weight should be accorded to the Secretary's position as to whether equitable tolling should be accorded in any given case. We thereafter address each of the cases consolidated herein.

## I. ANALYSIS

### A. An Important Procedural Rule

When creating the United States Court of Appeals for Veterans Claims and granting it jurisdiction to review decisions of the Board, Congress prescribed a 120-day period for appeals to this Court. *See* 38 U.S.C. § 7266(a).[2] Initially viewed as a jurisdictional barrier to the exercise of this Court's authority to review Board decisions, *see Butler v. Derwinski*, 960 F.2d 139, 140-41 (Fed. Cir. 1992); *Cleary v. Brown*, 8 Vet.App. 305, 307 (1995), over time it was held to be a time limitation that could be equitably tolled. *Bailey v. West*, 160 F.3d 1360 (Fed. Cir. 1998) (en banc) (relying on *Irwin v. Dep't of Vet. Affairs*, 498 U.S. 89 (1990), and holding that equitable tolling generally was available in suits against the United States, unless Congress has expressed its intent to the contrary); *see Jaquay v. Principi*, 304 F.3d 1276 (Fed. Cir. 2002) (en banc).

Subsequently, however, applying the Supreme Court's analysis in *Bowles v. Russell*, 551 U.S. 205 (2007) (finding that the time limitation set forth in 28 U.S.C. § 2107, regarding appeals from a district court to a court of appeals, was jurisdictional and not subject to equitable tolling), this Court determined that the *Bowles* analysis pre-empted *Bailey* and its progeny and held that the 120-day period is jurisdictional and not subject to equitable tolling. *Henderson*, 22 Vet.App. at 217-21. As noted above, the Federal Circuit agreed and explicitly overturned *Bailey* and its progeny. *Henderson*, 589 F.3d at 1220. In reversing the Federal Circuit, the Supreme Court specifically noted, inter alia, the unique statutory scheme of veterans benefits adjudication and the terms and placement of section 7266(a) within the Veterans' Judicial Review Act of 1988, Pub. L. No. 100-687, before ultimately concluding that the 120-day limit to file an appeal for judicial review is not jurisdictional. *Henderson*, 131 S. Ct. at 1204-07. Significantly, the Supreme Court also noted that section 7266(a) is "an important procedural rule" and explicitly expressed "no view" on the question of whether this rule is subject to equitable tolling. *Id*. at 1206, n.4.

---

[2] Although the typical filing period for civil-action appeals involving federal agencies in the federal courts is 60 days, *see, e.g.,* Fed. R. App. P. 4(a)(1)(B) (providing that when the United States or an agency is a party, a notice of appeal may be filed by any party within 60 days after the judgment or order appealed from is entered); 5 U.S.C. § 7703(b)(1) ("any petition for review [shall be filed in the Federal Circuit and] must be filed within 60 days after the date the petitioner received notice of the final order or decision of the [Merit Systems Protection Board]"); 15 U.S.C. § 77i(a) (providing for review of orders from Securities and Exchange Commission by the D.C. Circuit within 60 days after the entry of such order); 28 U.S.C. § 2344 ("Any party aggrieved by [a] final order [of specified agencies] may, within 60 days after its entry, file a petition to review the order in the court of appeals wherein venue lies."), Congress enacted a more liberal, 120-day time limit for filing at this Court. *See* Pub. L. No. 100-687 (1988); *see also Bailey v. West*, 160 F.3d 1360, 1369 (Fed. Cir. 1998) (Michel, J., concurring in the result) ("Both the Supreme Court and this court have long recognized that the disputes that arise in this system are subject to procedural and other rules that are distinctly advantageous to the veteran claimant" (citing, inter alia, *Brown v. Gardner*, 513 U.S. 115, 117-18 (1994))).

Although reversing one decision that, in turn, had reversed previous decisions generally has the effect of reinstating those previous decisions, *see Wheeler v. John Deere Co.*, 935 F.2d 1090, 1096 (10th Cir. 1991) ("A judgment reversed by a higher court is 'without any validity, force or effect, and ought never to have existed.'" (quoting *Butler v. Eaton*, 141 U.S. 240, 244 (1891))); *see also Keller v. Hall*, 111 F.2d 129, 131 (9th Cir. 1940), this is true only when the foundation of the other decisions is not disturbed, *cf. Metropolitan Life Ins. Co. v. Ward*, 470 U.S. 869, 891 (1985) (addressing whether a recent decision undermined the force of a previous case's analysis).  Here, although *Bailey* and its progeny held that this Court's 120-day period was subject to equitable tolling, these cases did so without the benefit of the Supreme Court's analysis of section 7266(a)'s context within the Veterans' Judicial Review Act of 1988 and the unique statutory scheme of veterans benefits or the Supreme Court's explicit recognition that the 120-day period was an important procedural rule.  In this context, and inasmuch as neither the Supreme Court nor the Federal Circuit in remanding this matter expressed a view as to whether section 7266(a) may be subject to equitable tolling, we examine anew to what degree, if any, this "important procedural rule" is subject to equitable tolling.

## B. Equitable Tolling and Section 7266(a)

The doctrine of equitable tolling has generally established parameters, and over time decisions of the Federal Circuit and this Court have addressed those parameters in the context of appeals to this Court.  Thus, for example, equitable tolling was not applied when failure to file was due to general negligence or procrastination.  Rather, it was applied only when circumstances precluded a timely filing despite the exercise of due diligence, such as (1) a mental illness rendering one incapable of handling one's own affairs or other extraordinary circumstances beyond one's control, (2) reliance on the incorrect statement of a VA official, or (3) a misfiling at the regional office or the Board.  *See*, *e.g.*, *Brandenburg v. Principi*, 371 F.3d 1362, 1364 (Fed. Cir. 2004) (NOA submitted to Board); *Barrett v. Principi*, 363 F.3d 1316, 1321 (Fed. Cir. 2004) (mental illness rendering one incapable of handling his own affairs); *Santana-Venegas,* 314 F.3d at 1298 (NOA submitted to RO); *Bailey*, 160 F.3d at 1365-68 (reliance on incorrect statement of VA official); *McCreary v. Nicholson*, 19 Vet.App. 324 (2005) (extraordinary circumstances), *adhered to on reconsideration by* 20 Vet.App. 86 (2006).

From the time of the *Bailey* decision in 1998 through this Court's decision in *Henderson*, the Court has applied equitable tolling without any significant adverse consequences, such as "administrative complexity or unpredictable fiscal peril," reasons why we might otherwise determine that the 120-day period should not be tolled when presented with circumstances that otherwise warrant equitable tolling.  *Bailey*, 160 F.3d at 1365.  Based on this observation, and the Federal Circuit's observation that "there is no reason to believe that Congress wanted to bar [the] application [of equitable tolling] to section 7266," *id*. at 1368, we perceive no valid reason for not permitting the 120-day period to be equitably tolled within the parameters established in *Bailey* and its progeny, and the precedential decisions of this Court prior to this Court's *Henderson* decision.

Accordingly, we hold that the 120-day period is subject to equitable tolling within the parameters established by *Bailey* and its progeny, and the precedential decisions of this Court prior

4

to this Court's *Henderson* decision. In so holding, we are mindful that Congress has authorized the Court to prescribe its own rules of practice and procedure, *see* 38 U.S.C. § 7264, such that our holding today is subject to revision, pursuant to the Court's rule-making authority.

## C. Waiver or Forfeiture and Section 7266(a)

Having held that the 120-day period is subject to equitable tolling, we turn to an issue of first impression. Specifically, because the Secretary generally agrees that equitable tolling might be applied in *Lopez,* presented no objection or comment as to equitable tolling in *King*, and objected to equitable tolling in *Bove* and *Rasheed* with the understanding at the time that the time to file was jurisdictional, we must address whether tolling the 120-day period remains a matter for the Court to raise sua sponte and whether it is subject to waiver or forfeiture by the appellee. We note that nonjurisdictional statutory time limitations subject to equitable tolling generally are subject to waiver and forfeiture. *See Union Pacific R. Co. v. Bhd. of Locomotive Eng'rs and Trainmen*, 130 S. Ct. 584, 596 (2009) (noting that nonjurisdictional rule "is ordinarily 'forfeited if the party asserting the rule waits too long to raise the point'" (quoting *Kontrick v. Ryan*, 540 U.S. 443, 456 (2004)); *Day v. McDonough*, 547 U.S. 198, 202 (2006) ("Ordinarily in civil litigation, a statutory time limitation is forfeited if not raised in a defendant's answer or in an amendment thereto [pursuant to the Federal Rules of Civil Procedure]. And we would count it an abuse of discretion to override a State's deliberate waiver of a limitations defense."). We further note that whether civil litigation has been initiated in a timely manner generally is an affirmative defense raised by an opposing party, as opposed to a matter sua sponte raised by the Court. *See John R. Sand & Gravel Co. v. U.S.*, 552 U.S. 130, 133 (2008) (citing the Federal Rules of Civil Procedure and noting that "the law typically treats a limitations defense as an affirmative defense . . . subject to rules of forfeiture and waiver"); *but see Day*, 547 U.S. at 202 (holding that a federal court may, "on its own initiative," dismiss a habeas petition as untimely where the State has miscalculated and not objected to the timeliness of the petition).

However, we do not believe the general rule is for application in appeals to this Court. Unlike ordinary civil litigation, the appellee in appeals to this Court is always the same person–the Secretary of the Department of Veterans Affairs, who also is barred by statute from initiating an appeal to the Court. 38 U.S.C. § 7252. To hold that the Secretary could affirmatively or by forfeiture waive the 120-day filing period would cede some control of the Court's docket to the Secretary and permit arbitrary selection of which veteran's late filing he finds worthy of waiver, a process devoid of consistency, procedural regularity, and effective judicial review. *See Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152 (1984) ("'[I]n the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.'" (quoting *Mohasca Corp. v. Silver*, 447 U.S. 807, 826 (1980))); *see also National RR Passenger Corp v. Morgan,* 536 U.S. 101, 113 (2002) ("'Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants.'" (quoting *Baldwin County Welcome Center*, 466 U.S. at 152)). In a very real sense, permitting the Secretary to waive the time to appeal to the Court would give him unwarranted control over any late-filed appeal, a control he

5

otherwise is barred by statute from having. 38 U.S.C. § 7252 ("The Secretary may not seek review of any [Board] decision.").

In addition, this Court specifically was formed as a federal appellate court–a judicial body independent of the Secretary–in reaction to the previous regime of complete control by the Secretary over the law governing VA benefits. *See*, *e.g.*, H.R. REP. No. 100-963, at 26 (1988) ("The creation of [this Court] is intended to provide a more independent review by a body which is not bound by the [Secretary's] view of the law, and that will be more clearly preceived [sic] as one which has as its sole function deciding claims in accordance with the Constitution and the laws of the United States."). Permitting this "important procedural rule" to be enforced or waived at the discretion of the Secretary could lead to an appearance for litigants that this Court is not independent, but that the Secretary remains in control of the litigation.

At a more system-wide level, the Court's sua sponte consideration of the timeliness of an appeal under section 7266(a) promotes judicial efficiency by encouraging the timely resolution of claims and providing finality to Board decisions within a reasonable time and fairness in application of the equitable tolling doctrine. In other words, the 120-day judicial appeal period "'implicat[es] values beyond the concerns of the parties.'" *Day*, 547 U.S. at 205-06 (quoting *Acosta v. Artuz*, 221 F.3d 117, 123 (2d Cir. 2000) ("The AEDPA statute of limitation promotes judicial efficiency and conservation of judicial resources, safeguards the accuracy of state court judgments by requiring resolution of constitutional questions while the record is fresh, and lends finality to state court judgments within a reasonable time.")); *see also John R. Sand*, 552 U.S. at 133 (noting that some statutes of limitations seek "to achieve a broader system-related goal, such as facilitating the administration of claims . . . or promoting judicial efficiency"). As the Federal Circuit has noted:

> [I]n order to get its work done, [the Court] must insist on strict compliance with its [R]ules. Violations of [the Rules] . . . are all too frequent. In addition to imposing an unfair burden on opposing parties, violations of our [R]ules also burden the [C]ourt. The [C]ourt must consider a large number of appeals each year. It can only conduct its work fairly and efficiently if counsel cooperate by abiding by the pertinent [R]ules.

*In re Violation of Rule 28(c)*, 388 F.3d 1383, 1385 (Fed. Cir. 2004).

As to the Supreme Court precedents generally allowing waiver, these cases do so in the context of "ordinary civil litigation," governed by the Federal Rules of Civil Procedure (FRCP). *See John R. Sand*, 552 U.S. at 133 (noting that "the law typically treats a limitations defense as an affirmative defense . . . subject to rules of forfeiture and waiver," but citing the FRCP); *Day*, 547 U.S. at 202 (noting that "[o]rdinarily in civil litigation, a statutory time limitation is forfeited if not raised," but citing the FRCP). Pursuant to statute, this Court is not governed by the FRCP. *See* 38 U.S.C. § 7264 ("The proceedings of the Court of Appeals for Veterans Claims shall be conducted in accordance with such rules of practice and procedure as the Court prescribes.").

6

Of particular note, and in contrast to procedures in ordinary civil litigation, our Rules do not envision complaints and answers thereto or affirmative defenses. *See* U.S. VET. APP. R. 28 (outlining requirements for appellate briefing). Moreover, whereas proper dismissal of a case for untimely filing in ordinary civil litigation puts an end to the matter, in the veteran-friendly claims adjudication process within VA, a claimant may seek (1) reconsideration by the Board at any time (38 U.S.C. § 7103), (2) to reopen his claim based on new and material evidence at any time (38 U.S.C. § 5108), (3) revision of an adverse decision at any time (38 U.S.C. §§ 5109A and 7111), or (4) equitable relief from the Secretary (38 U.S.C. § 503).

Finally, we note that, in 1994, Congress explicitly amended section 7266 to authorize a notice of appeal as filed on the date it is postmarked by the United States Postal Service. 38 U.S.C. § 7266(c)(2); Pub. L. No. 103-446 (1994); *see also Mapu v. Nicholson*, 397 F.3d 1375 (Fed. Cir. 2005) (finding that section 7266(c)(2) excludes other common carriers' postmarks). Such action, in view of section 7264 (granting the Court to authority to promulgate rules of practice and procedure), reasonably reflects that it is the role of Congress and the Court, not the Secretary, to enforce or adjust the "important procedural rule" prescribed by Congress in section 7266.

Thus, for the reasons stated above, we hold that the 120-day time period in which to file an NOA is not a matter subject to waiver or forfeiture by the Secretary. Moreover, in addition to our holding above that the 120-day period is subject to equitable tolling within the parameters established by *Bailey* and its progeny, and the precedential decisions of this Court prior to this Court's *Henderson* decision, we further hold that this Court has the authority to address untimely filings and equitable tolling sua sponte, and may seek facts outside the record before the Board and independently weigh the facts to determine if equitable tolling is appropriate, in the same manner as the Court previously has considered equitable tolling. *See Leonard v. Gober*, 223 F.3d 1374, 1376 (Fed. Cir. 2000) (acknowledging that determinations on the equitable tolling of section 7266(a) involve fact-finding by this Court, and holding that the Federal Circuit does not have jurisdiction to review such findings); *McCreary*, 19 Vet.App. at 332-34 (reviewing facts not before the Board to determine whether equitable tolling was appropriate).

Because the 120-day period is not jurisdictional, however, we note that the untimely nature of a filing should be addressed before an appeal is submitted for decision. *Cf. Breedlove v. Shinseki*, 24 Vet.App. 7, 18 (2010) (noting that a case is submitted for decision "upon completion of the briefing period"). Thus, while an untimely filing may be raised by the Secretary, it more often, as in the past, is likely to be identified by the Clerk of the Court, after which an appellant will be directed to show cause why the appeal should not be dismissed. *See* U.S. VET. APP. R. 3(a) ("Failure to timely file a Notice of Appeal in accordance with law will result in dismissal of the appeal."); *Claiborne v. Nicholson*, 19 Vet.App. 181, 182 (2005) (recognizing the practice of the Clerk to order appellants to show cause as to why untimely filed appeals should not be dismissed); *see also Bowles*, 551 U.S. at 212 n.4 (noting authority of the Clerk of the Supreme Court to actually dismiss untimely filed petitions for certiorari of an individual on death row). Any such appeal will be dismissed in the absence of showing that the untimely appeal warrants equitable tolling or that the appeal should be considered timely because, for example, the presumption of regularity in mailing did not attach

7

to the Board decision or because the presumption was rebutted, thus making the filing timely.

### D. The Circumstances in the Consolidated Appeals

#### 1. *Bove v. Shinseki*

In *Bove*, the appellant filed an NOA with the RO well within the 120-day period, but the RO forwarded it to the Court after the 120-day period had expired. Pursuant to the equitable tolling principles laid out in *Bailey* and its progeny, an NOA filed within the 120-day period at the RO warrants equitable tolling. *See Santana-Venegas*, 314 F.3d at 1298; *see also Brandenburg*, 371 F.3d at 1364 (accepting NOA submitted to Board within the 120-day appeal period). As such, the appellant's appeal will be reinstated.

#### 2. *Rasheed v. Shinseki*

In *Rasheed*, the appellant asserts that his schizophrenia prevented him from timely filing his NOA and that the notification he received regarding how to appeal was not properly tailored to his circumstances. Specifically relying on the Federal Circuit's decision in *Barrett*, 363 F.3d at 1316, the appellant argued that he "is similarly situated to the Veteran in *Barrett*." Jan. 11, 2010, Appellant's Response to Court's Order and Appellee's Motion to Dismiss at 2.

Pursuant to the Federal Circuit's decision in *Barrett*, equitable tolling may be warranted if an untimely filing "was the direct result of a mental illness that rendered [a claimant] incapable of rational thought or deliberate decision making, or incapable of handling [a claimant's] own affairs or unable to function in society." *Barrett*, 363 F.3d at 1321 (internal quotations omitted). Moreover, when represented by counsel, as is the case here, the appellant "must make an additional showing that the mental illness impaired the attorney-client relationship." *Id*. In contrast to what is required to warrant equitable tolling, however, the appellant presents only bald assertions that his mental illness prevented him from filing his appeal, without any supporting evidence to demonstrate that he was *incapable* of functioning or making decisions due to mental illness, that his mental illness prevented him from filing his appeal or seeking the assistance of counsel, or that his mental disabilities were related directly to his untimely filing.

Further, in support of his assertion that his appellate notice rights were inadequate because they were not tailored to his circumstances, the appellant relies on *Vasquez-Flores v. Peake*, 22 Vet.App. 37 (2008). However, *Vasquez-Flores* addressed the notice required by 38 U.S.C. § 5103 with regard to substantiating a claim and is inapposite with regard to notice addressing how to appeal a Board decision. Moreover, the specificity requirement recognized in this Court's decision in *Vasquez-Flores* was rejected subsequently by the Federal Circuit. *Vasquez-Flores v. Shinseki*, 580 F.3d 1270 (Fed. Cir. 2009). In sum, the appellant fails to demonstrate that equitable tolling of the time to file his appeal is warranted, and his appeal will be dismissed.

### 3. *Lopez v. Shinseki*

In *Lopez*, the date of the mailing of the appellant's Board decision was February 25, 2010, such that the final day for appealing that decision pursuant to section 7266(a) was Friday, June 25, 2010. The appellant's NOA was filed by his counsel and docketed by the Clerk of the Court as filed on Monday, June 28, 2010. Responding to the Court's order to show cause why his appeal should not be dismissed, the appellant does not dispute that he failed to file the NOA within the 120-day judicial-appeal period and requests that this Court equitably toll the filing deadline because he suffers from psychiatric disabilities that, he asserts, prevented him from timely filing his NOA. His assertion is supplemented by a letter from his treating psychiatrist, which states, inter alia, that (1) the appellant currently is diagnosed with avoidant personality disorder, major depressive disorder, obsessive compulsive disorder, and dependent personality disorder, (2) the appellant has "difficulty in making every day decisions without an excessive amount of advice and reassurance from others," and (3) the appellant's disorders "caused him to over-think and procrastinate until this deadline was passed." October 21, 2010, Response to Court Order at 4-5.

The Secretary generally agrees that equitable tolling might be appropriate in this instance. *See* April 1, 2011, Secretary's Response at 10 (noting that this evidence "may be viewed as satisfying the *Barrett* test"). As stated above, however, the *Barrett* test requires a veteran to show that (1) "the failure to file was the direct result of a mental illness that rendered him *incapable* of rational thought or deliberate decision making, or *incapable* of handling his own affairs or *unable* to function in society," and, when represented by counsel, that (2) "the mental illness impaired the attorney-client relationship." *Barrett*, 363 F.3d at 1321 (internal quotations omitted) (emphasis added). Notably, in *Claiborne v. Nicholson*, 19 Vet.App. 181, 187 (2005), this Court found that a physician's letters explaining, inter alia, that the claimant had a "severely impaired" ability to handle his own affairs did not meet *Barrett*'s "high standard" for equitable tolling. Here, similar to *Claiborne*, the evidence does not demonstrate an *incapability* of functioning or decision making due to mental illness or an impairment in seeking the assistance of counsel, but rather a *procrastination* or *difficulty* in making decisions due to mental illness. As such, the evidence on its face does not meet the *Barrett* test.

Nevertheless, in review of the actual filing in this case, we note that–although docketed by the Clerk as filed on June 28, 2010–the NOA was attached to an e-mail sent on June 25, 2010. *See* E-Rule 2(c) ("For documents initiating a case . . . , such documents may also be filed by electronically attaching the document to an email sent to esubmission@uscourts.cavc.gov."). Although this e-mail (with attached NOA) was sent after the close of normal business hours on June 25, it was sent before midnight Eastern Time, such that this Court's Rules of Practice and Procedure and E-Rules deem the NOA filed on June 25. *See* E-Rule 5(c) ("To be timely filed on a specific date, electronic filing must be completed before midnight Eastern Time . . . ."); *see also* Rule 25(b)(3) ("The Clerk shall use the actual date of receipt [of the e-mail] for filing purposes"). Further, although this e-mail was sent to an incorrect e-mail address at the Court (i.e., to efiling@uscourts.cavc.gov, rather than esubmission@uscourts.cavc.gov), we hold that the appellant substantially complied with E-Rule 2(c). To the extent that there is any lack of clarity in our Rules or there has been any confusion on this issue, our holding today clarifies the matter. Accordingly, we find that the appellant's NOA was timely filed on June 25, 2010, and his appeal will be accepted.

*4. King v. Shinseki*

In *King*, the appellant filed an NOA with the RO well within the 120-day period, but the RO forwarded it to the Court after the 120-day period had expired. As previously stated, an NOA filed within the 120-day period at the RO warrants equitable tolling. *See Santana-Venegas*, *supra*. As such, the appellant's motion for reconsideration will be granted, the Court's February 3, 2011, order dismissing the appeal will be revoked, and the appellant's appeal will be reinstated.

## II. CONCLUSION

For the reasons stated above, the Court holds that the 120-day filing period in section 7266(a) is subject to equitable tolling within the parameters established by *Bailey* and its progeny, and the precedential decisions of this Court prior to this Court's *Henderson* decision, but that it is not subject to waiver or forfeiture by the Secretary.

Upon consideration of the foregoing, it is

ORDERED, sua sponte, that the above-captioned cases are consolidated for the sole purpose of addressing whether the 120-day filing period is subject to equitable tolling, and, if so, whether the circumstances in each case warrant equitable tolling. It is further

ORDERED that the appeal in *Bove*, No. 08-1468, is reinstated, and the Secretary's July 23, 2008, motion to dismiss this appeal is denied. It is further

ORDERED that the Secretary, not later than 30 days after the date of this order, shall file a notice certifying that the appellant in *Bove* was served with a copy of the record before the agency (RBA), U.S. VET. APP. R. 10(a). It is further

ORDERED that, if any dispute arises as to the preparation or content of the RBA, the appellant in *Bove*, not later than 14 days after service of the RBA, shall file an appropriate motion with the Court, U.S. VET. APP. R. 10(b). It is further

ORDERED that the appeal in *Rasheed*, No. 09-3758, is DISMISSED for untimely filing. It is further

ORDERED that the Secretary, not later than 30 days after the date of this order, shall file a notice certifying that the appellant in *Lopez*, No. 10-2139, was served with a copy of the RBA. It is further

ORDERED that, if there is any dispute as to the preparation or content of the RBA, the appellant in *Lopez*, not later than 14 days after service of the RBA, shall file an appropriate motion with the Court. It is further

ORDERED that the appellant's motion for reconsideration in *King*, No. 10-2622, is granted, and the February 3, 2011, order dismissing the appeal is revoked. It is further

ORDERED that, if there is any dispute as to the preparation or content of the RBA, the appellant in *King*, not later than 14 days after the date of this order, shall file an appropriate motion with the Court.

DATED: December 20, 2011                                         PER CURIAM.