NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CARL W. STEWART,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2012-7117

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 09-4562, Chief Judge Bruce E. Kasold.

---

Decided: December 7, 2012

---

CARL W. STEWART, of Washington, DC, pro se.

AUSTIN FULK, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDISON, Director, and TODD M. HUGHES, Deputy Director.

Before NEWMAN, PROST and REYNA, *Circuit Judges*.

PER CURIAM.

Carl Stewart appeals from the decision of the Court of Appeals for Veterans Claims dismissing his appeal as untimely. The Court of Appeals for Veterans Claims found that Stewart had failed to file his notice of appeal prior to the 120-day deadline and that equitable tolling was not appropriate under the facts of his case. Because we lack jurisdiction to review the Court of Appeals for Veterans Claims' factual determination that there was no trickery, concealment, or misconduct in this case, as well as its application of the law of equitable tolling to that determination, we dismiss Stewart's appeal.

## BACKGROUND

Stewart served on active duty from May 1977 through October 1981 and spent time in active duty training from July 1976 to October 1976. During that time, he was treated for eye problems, but his examination upon separation from service contained no notation that he had residual eye conditions related to his in-service eye treatments, and an examination conducted by the Veterans Administration in 1986 showed no eye abnormalities.

In April 2002, Stewart received an eye examination and was found to have "vitreous floaters and a possible epiretinal membrane in the left eye." He sought benefits from the VA. A VA eye examination was scheduled for Stewart in May 2008 but he did not attend. On November 20, 2008, the Board found that Stewart "is not currently diagnosed as having an eye disability attributable to his period of active service," and therefore concluded that "[t]he criteria for service connection for a bilateral eye

disability have not been met." The Board's decision was accompanied by VA Form 4597 informing Stewart of his right to appeal and of the 120-day deadline for filing a notice of appeal. Stewart filed a timely motion to reconsider, which was denied on July 14, 2009. *Stewart v. Shinseki* ("*CAVC Op.*"), No. 10-3079, 2012 WL 1353148, at *1 (Vet. App. Apr. 19, 2012).

Almost a year later, on July 12, 2010, Stewart sought to vacate the November 2008 decision, but was denied. *Id.* Stewart filed a notice of appeal to the Court of Appeals for Veterans Claims on September 13, 2010. *Id.* The Veterans Court ordered Stewart to show cause why his appeal should not be dismissed for lack of jurisdiction. *Id.* Stewart responded that his appeal should not be dismissed "because of trickery, concealment of facts, and misconduct." *Id.*

Relying on *Henderson v. Peake*, 22 Vet. App. 217, 220-21 (2008), *aff'd sub nom. Henderson v. Shinseki*, 589 F.3d 1201 (Fed. Cir. 2009), *rev'd*, 131 S. Ct. 1197 (2011), the Court of Appeals for Veterans Claims dismissed Stewart's appeal as untimely. *CAVC Op.* at *1. In *Henderson v. Peake*, the Court of Appeals for Veterans Claims had held that the 120-day deadline for filing a notice of appeal was jurisdictional and not subject to equitable tolling. 22 Vet. App. at 221. While Stewart was seeking reconsideration of this ruling, the Supreme Court reversed *Henderson v. Peake*, and Stewart's case was stayed. Subsequently, the Court of Appeals for Veterans Claims decided that the 120-day deadline is subject to equitable tolling within the parameters established by *Bailey v. West*, 160 F.3d 1360 (Fed. Cir. 1998) (en banc). *Bove v. Shinseki*, 25 Vet. App. 136, 145 (2011) (per curiam).

Stewart's case was returned to a single judge for reconsideration in light of *Bove*. *Stewart v. Shinseki*, No.

10-3079, 2012 WL 693971 (Vet. App. Mar. 2, 2012) (en banc). The Court of Appeals for Veterans Claims observed that it was "undisputed that [Stewart] failed to file either his [notice of appeal] or his July 2010 motion for vacatur within 120 days after the Board denied his first motion for reconsideration." *CAVC Op.* at *2. Accordingly, the court reasoned that it could only accept Stewart's notice of appeal as timely if equitable tolling was warranted. *Id.* Examining Stewart's response to the order to show cause in light of the equitable tolling factors explained in *Bove*, the court concluded that equitable tolling was not appropriate and dismissed Stewart's case. *CAVC Op.* at *2. This appeal followed.

## DISCUSSION

Our jurisdiction to review appeals from the Court of Appeals for Veterans Claims is limited by statute. Under 38 U.S.C. § 7292(a), this court has jurisdiction over rules of law or the validity of any statute or regulation, or an interpretation thereof, relied on by the Court of Appeals for Veterans Claims in its decision. We may also entertain challenges to the validity of a statute or regulation, and may interpret constitutional and statutory provisions as needed for resolution of the matter. *See* 38 U.S.C. § 7292(c). In contrast, except where an appeal presents a constitutional question, our jurisdictional statute does not allow us to review challenges to factual determinations or the application of law to fact. *See* 38 U.S.C. § 7292(d)(2).

To be timely, a notice of appeal must be filed with the Court of Appeals for Veterans Claims within 120 days after the date the Board decision was mailed. 38 U.S.C. § 7266(a). When an appellant files a motion for reconsideration with the Board within the 120-day period and it is denied, a new 120-day period begins on the date the denial of the motion to reconsider is mailed. *See Rosler v.*

*Derwinski*, 1 Vet. App. 241, 249 (1991). The 120-day period is subject to equitable tolling. *Bove*, 25 Vet. App. at 140.

Equitable tolling is available where "where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Bailey*, 160 F.3d at 1364 (internal quotation marks omitted). Stewart argues that deadline should be excused "because of trickery, concealment of facts, and misconduct" on the part of the VA. *CAVC Op.* at *1. But the Court of Appeals for Veterans Claims rejected this assertion as unsupported, observing that his "mere assertion does not demonstrate that his untimely filing was, in fact, the result of reliance on [an] incorrect statement of a VA official." *Id.* at *2. The court found that Stewart had "failed to demonstrate the existence of any" facts to support equitable tolling. *Id.* Accordingly, it concluded that Stewart was not entitled to equitable tolling of the 120-day limit and dismissed his case. *Id.*

Our limited standard of review does not permit us to disturb this decision on appeal. The Veterans Court made factual findings that Stewart had not substantiated his claims of "trickery, concealment of facts, and misconduct," nor had he proven any other facts relevant to equitable tolling. *See id.* Under these facts, the court concluded that equitable tolling did not apply. The court's factual determinations, as well as its application of the law to those facts, are not subject to our review. *See* 38 U.S.C. § 7292(d)(2). Stewart also identifies, without explanation, several statutes that he alleges were improperly interpreted below. The Veterans Court did not, however, base its decision on these statutes, and they too are beyond review by this court. *See* 38 U.S.C. § 7292(a). Accordingly, we have no jurisdiction over this appeal, and it is therefore

## DISMISSED

COSTS

No Costs.