NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**HERSHELL C. SMITH,**

*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, Secretary of Veterans Affairs,**

*Respondent-Appellee.*

---

2012-7113

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 10-3679, Judge Alan G. Lance, Sr.

---

Decided: December 7, 2012

---

HERSHELL C. SMITH, of Shady Spring, West Virginia, pro se.

JANE C. DEMPSEY, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and TODD M. HUGHES, Deputy Director. Of Counsel

on the brief was DAVID J. BARRANS, Deputy Assistant General Counsel, United States Department of Veterans Affairs, of Washington, DC.

———————————

Before MOORE, CLEVENGER, and WALLACH, *Circuit Judges*.

PER CURIAM.

Hershell C. Smith appeals from the order by the United States Court of Appeals for Veterans Claims (Veterans Court) dismissing his appeal. *Hershell C. Smith v. Eric K. Shinseki*, No. 10-3679 (Vet. App. Apr. 6, 2012). For the reasons discussed below, we *affirm*.

Mr. Smith is a veteran who served on active duty from 1968-1970. In 2010, the Board of Veterans' Appeals (Board) denied Mr. Smith's claim for additional monthly compensation based on the need for aid and assistance. More than seven months later, Mr. Smith filed a motion for reconsideration, which the Board denied. Mr. Smith appealed to the Veterans Court. The Department of Veterans Affairs (VA) moved to dismiss the appeal because Mr. Smith failed to file his motion for reconsideration and notice of appeal within the 120-day period after the Board mailed its decision, as required under 38 U.S.C. § 7266(a). The Veterans Court ordered Mr. Smith to explain why it should not dismiss his appeal. He responded that he "didn't read [his] 4597 Form well enough to understand the filing days."

In 2011, the Veterans Court stayed Mr. Smith's appeal. The court subsequently held in *Bove v. Shinseki* that "the 120-day filing period in section 7266(a) is subject to equitable tolling" within certain parameters. 25 Vet. App. 136, 145 (Vet. App. 2011). Following the *Bove* decision, the court lifted the stay in Mr. Smith's case and

ordered him to discuss whether he was entitled to equitable tolling. Mr. Smith explained that he thought he had engaged a law firm to represent him at the Veterans Court, but later discovered the firm would not be able to do so. Mr. Smith stated that this misunderstanding was attributable to his "mental status" and that he filed outside the 120-day period because he had to file on his own.

The Veterans Court concluded that Mr. Smith failed to show the existence of any of the circumstances that warrant equitable tolling. The court found that, although Mr. Smith referred to his mental status in his statement regarding equitable tolling, he did not demonstrate that he was unable to engage in "rational thought or deliberate decision making" as a result of a mental disability. *Barrett v. Principi*, 363 F.3d 1316, 1321 (Fed. Cir. 2004). The court therefore concluded that Mr. Smith failed to establish his entitlement to equitable tolling based on "a mental illness rendering [him] incapable of handling [his] own affairs or other extraordinary circumstances beyond [his] control." *Bove*, 25 Vet. App. at 140. The court further found that Mr. Smith failed to show that he relied on incorrect information from a VA official or misfiled his notice of appeal within the 120-day period. The court thus held that Mr. Smith was not entitled to equitable tolling and dismissed his appeal. Mr. Smith now appeals that dismissal to our court.

Our jurisdiction to review the Veterans Court's decisions is limited by statute. *Guillory v. Shinseki*, 603 F.3d 981, 986 (Fed. Cir. 2010). We have jurisdiction over "all relevant questions of law, including interpreting constitutional and statutory provisions." 38 U.S.C. § 7292(d)(1). We lack jurisdiction, however, over any "challenge to a factual determination" or "challenge to a law or regulation as applied to the facts of a particular

case" unless the challenge presents a constitutional issue. 38 U.S.C. § 7292(d)(2). We set aside the Veterans Court's legal conclusions only if they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 38 U.S.C. § 7292(d)(1)(A).

On appeal, Mr. Smith contends that the Veterans Court misinterpreted a statute or regulation and also decided constitutional issues. Appellant's Informal Br. at ¶ 2-3. In his brief, however, Mr. Smith disputes only the factual issue of whether the Board erred by finding that he does not have a functional impairment that prevents him from performing everyday tasks without aid and attendance. *Id.* at ¶ 5-6. We have no jurisdiction to review this factual issue. Mr. Smith asserts no legal error in the Veterans Court's decision to dismiss his case for lack of jurisdiction because equitable tolling does not apply, and he fails to present any specific argument to support his contention that the Veterans Court decided a constitutional issue. Mr. Smith's arguments regarding the merits of the Board's 2010 decision fail to establish that the Veterans Court has jurisdiction over his appeal.

We have considered Mr. Smith's arguments on appeal and conclude that he has not shown that the Veterans Court's decision dismissing his appeal for lack of jurisdiction was arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law. As a result, we affirm.

## AFFIRMED

COSTS

No costs.