NOTE:  This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

―――――――――――――

**ROGER T. MEZZULO,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, SECRETARY OF VETERANS
AFFAIRS,**
*Respondent-Appellee.*

―――――――――――――

2013-7017

―――――――――――――

Appeal from the United States Court of Appeals for Veterans Claims in case no. 10-2277, Chief Judge Bruce E. Kasold.

―――――――――――――

**ON MOTION**

―――――――――――――

Before NEWMAN, LOURIE, and REYNA, *Circuit Judges.*

PER CURIAM.

**O R D E R**

The Secretary of Veterans Affairs moves for the court to dismiss this appeal.  Roger Mezzulo has not responded to that motion.

Mr. Mezzulo served on active duty in the military from 1968 to 1970. A December 2008 decision of the Board of Veterans Appeals (Board) denied him entitlement to service connection for hearing loss and remanded three other claims for further development and consideration by the Department of Veterans Affairs (DVA).

In June 2010, more than a year and a half after the issuance of the Board's decision, Mr. Mezzulo appealed to the Court of Appeals for Veterans Claims (Veterans Court). The Veterans Court dismissed the appeal on October 21, 2010, finding that Mr. Mezzulo failed to file his notice of appeal within 120 days of the mailing of the Board's decision as required by 38 U.S.C. § 7266. Mr. Mezzulo filed a motion for reconsideration the following day. While his motion was pending, the decision in *Henderson v. Shinseki*, 131 S. Ct. 1197 (2011), issued. Subsequently, the Veterans Court determined that Section 7266's filing deadline is subject to equitable tolling in certain circumstances. *Bove v. Shinseki*, 25 Vet. App. 136, 340 (2011).

In August 2012, the Veterans Court issued an order asking Mr. Mezzulo to "file a response discussing whether the circumstances in this instant case warrant the equitable tolling of the 120-day judicial-appeal period." Mr. Mezzulo filed a response on September 4, 2012 and on September 5, 2012, filed his notice of appeal seeking review in this court. The Veterans Court then issued an order staying Mr. Mezzulo's motion for reconsideration because it lacked jurisdiction over his case during the pendency of his appeal to this court.

Ordinarily, we exercise jurisdiction under 38 U.S.C. § 7292(a) only over final judgments by the Veterans Court. *Frederick v. Shinseki*, 684 F.3d 1263, 1265 (Fed. Cir. 2012); *Adams v. Principi*, 256 F.3d 1318, 1320-21 (Fed. Cir. 2001). Here, Mr. Mezzulo's motion for reconsideration has

rendered this appeal premature.  After the Veterans Court issues a decision concerning the motion for reconsideration, Mr. Mezzulo must file a new notice of appeal within 60 days if he wishes to seek review of the Veterans Court's reconsideration decision, the October 21, 2010 decision, or both.  *See* 38 U.S.C. § 7292(a); 28 U.S.C. § 2107(b); Fed. R. App. P. 4(a)(1).

Accordingly,

IT IS ORDERED THAT:

(1)  The motion is granted.  The appeal is dismissed as premature.

(2)  Each side shall bear its own costs.

FOR THE COURT


/s/ Jan Horbaly
Jan Horbaly
Clerk


s26

ISSUED AS A MANDATE: March 5, 2013