NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TERRY M. TURNER,**
*Claimant-Appellant,*

v.

**Eric K. Shinseki, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2013-7051

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 10-1964, Judge Alan G. Lance Sr.

---

Decided: June 10, 2013

---

TERRY M. TURNER, of Petersburg, Virginia, pro se.

RUSSELL J. UPTON, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and TODD M. HUGHES, Deputy Director. Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant General Counsel, and LARA K. EILHARDT, Attorney, United

States Department of Veterans Affairs, of Washington, DC.

—————————

Before LOURIE, PLAGER, and TARANTO, *Circuit Judges.*

PER CURIAM.

Terry M. Turner ("Turner") appeals from the decisions of the United States Court of Appeals for Veterans Claims ("Veterans Court") that equitable tolling was not warranted in denying his motions, first to recall the mandate and set aside the judgment and subsequently for reconsideration because he did not exercise due diligence in pursuing his appeal. *See Turner v. Shinseki*, No. 10-1964 (Vet. App. Nov. 20, 2012) ("*Order I*"), *reconsideration denied* (Vet. App. Dec. 18, 2012) ("*Order II*"). Because Turner's arguments challenge only factual findings and an application of law to fact, we *dismiss* for lack of jurisdiction.

## BACKGROUND

Turner served on active duty in the United States Navy from July 1972 to December 1974. In February 1976, a Department of Veterans Affairs ("VA") Regional Office ("RO") determined that Turner had been discharged from service due to willful and persistent misconduct, which is considered a discharge under dishonorable conditions under 38 C.F.R. § 3.12(d)(4). App. 11. Pursuant to 38 U.S.C. § 101(2), a person discharged under dishonorable conditions is not a "veteran" for purposes of entitlement to VA benefits. Turner did not appeal that decision. *Id.* at 12.

In February 1992, Turner filed a claim for VA compensation, asserting that he was "insane" at the time that he committed the misconduct that resulted in his discharge, but the RO determined that he was precluded

from eligibility for VA benefits because he was not "insane" when the offenses occurred. *Id.* at 11.

In July 1996, the Board of Veterans' Appeals ("Board") considered whether Turner had submitted new and material medical and testimonial evidence sufficient to reopen the RO's determination on the character of his discharge. *Id.* at 12. The Board held that the character of the discharge would not be reopened because the 1976 RO decision became final when Turner did not appeal it and because, although some of the evidence that Turner submitted was new, none of it was material. *Id.* at 17–18.

In August 2009, Turner filed a motion for reconsideration of the Board's 1996 decision, alleging obvious error of fact or law under 38 C.F.R. § 20.1000(a). *Id.* at 7. That motion was denied by the Board. *Id.* at 7–9. In June 2010, Turner filed a Notice of Appeal from that denial in the Veterans Court, which was dismissed as untimely. *See Order I* at 1.

In May 2012, Turner filed a motion in the Veterans Court to recall its mandate and set aside the court's dismissal of his Notice of Appeal. Turner submitted two letters from his treating psychologist, arguing that he was unable to timely file a motion to reconsider the Board decision because of his psychiatric condition. *Id.* at 1–2; *see Bove v. Shinseki*, 25 Vet. App. 136, 140 (2011) (establishing that the filing period for a Notice of Appeal to the Veterans Court is subject to equitable tolling under 38 U.S.C. § 7266(a), which applies "only when circumstances preclude[] a timely filing despite the exercise of diligence, such as [] a mental illness rendering one incapable of handling one's own affairs").

The Veterans Court considered the motion and the letters, but concluded that equitable tolling was not warranted. *Order I* at 3. The court noted that the psychologist had opined that Turner was incapable of rational thought and was unable to handle his own affairs in

July 1996, or for any part of the 120-day appeal period following the 1996 Board decision, because he was confined for mental health reasons and was not released from that confinement until July 1997. *Id.* at 2. The court also noted, however, that Turner had failed to account for his "unexplained 12 years of inaction" following release from confinement or why he waited until August 2009 to file a motion for reconsideration with the Board. *Id.* at 2–3. Accordingly, the court found that Turner had not exercised due diligence in pursuing his appeal and denied his motion to recall the mandate and set aside the judgment. *Id.* In a subsequent order issued in December 2012, the court also denied Turner's motion for reconsideration. *Order II.*

Turner timely appealed to this court. We have jurisdiction to review this appeal pursuant to 38 U.S.C. § 7292.

## DISCUSSION

The scope of our review in an appeal from a Veterans Court decision is limited. We may review a Veterans Court decision with respect to the validity of a decision on a rule of law or the validity or interpretation of any statute or regulation that was relied upon by the Veterans Court in making the decision. 38 U.S.C. § 7292(a). Except with respect to constitutional issues, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* at § 7292(d)(2).

The Veterans Court decision did not involve any questions regarding the validity or interpretation of a statute or regulation. Rather, the Veterans Court merely applied the law governing the legal standard for equitable tolling under § 7266(a) to the untimely filing of Turner's Notice of Appeal. *Order I* at 2–3.

Turner alleges here that the Veterans Court's "denial of [his] motion on the grounds of laches must be reversed" because he should be "excused because of mental illness . . . [and] there is no lack of diligence and no prejudice to the [c]ourt or the Secretary." Appellant Informal Br. at 3–4. Turner asks us to "grant his motion to recall the mandate" because "the delay is excused for mental insanity." *Id.* at 25. This argument challenges only factual findings and an application of law to fact by the Veterans Court, which are matters outside of our jurisdiction. Whether equitable tolling should apply in view of the underlying record is fundamentally an application of law to fact that is also beyond our review. *See Leonard v. Gober*, 223 F.3d 1374, 1376 (Fed. Cir. 2000) (holding that we lacked jurisdiction to consider arguments regarding the application of equitable tolling because they involved the application of law to fact).

Turner does not raise a constitutional issue or make any other legal arguments in his informal brief. His contention that the Veterans Court failed to consider the "substantial evidence [] that my mental illness at all times is sufficient for tolling," Appellant Informal Br., Question 5, is an explicit challenge to the Veterans Court's factual findings and its application of law to fact, which we are expressly barred from reviewing under § 7292(d)(2).

We have considered the additional arguments presented in Turner's informal appeal brief but do not find them persuasive. For the foregoing reasons, the appeal is *dismissed* for lack of jurisdiction over the arguments raised by Turner.

## DISMISSED

### COSTS

No costs.