NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MAUREEN ELLIOTT,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2013-7030

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 12-0357, Judge Robert N. Davis.

---

Decided: March 31, 2014

---

KENNETH M. CARPENTER, Carpenter, Chartered, Topeka, Kansas, argued for claimant-appellant. Of counsel was GREGORY D. KEENUM, Gregory D. Keenum, P.A., of Booneville, Mississippi.

L. MISHA PREHEIM, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, and JEANNE E. DAVIDSON, Director. Of counsel on the brief were

DAVID J. BARRANS, Deputy Assistant General Counsel, and LARA K. EILHARDT, Staff Attorney, United States Department of Veterans Affairs, of Washington, DC.

---

Before DYK, MOORE, and WALLACH, *Circuit Judges*.

MOORE, *Circuit Judge*.

Maureen Elliott appeals the decision of the Court of Appeals for Veterans Claims (Veterans Court) dismissing her appeal as untimely filed. Because the Veterans Court erred by failing to consider whether Mrs. Elliott was entitled to equitable tolling, we *vacate* and *remand*.

## BACKGROUND

Mrs. Elliott is the surviving spouse of a Vietnam veteran. The Board of Veterans' Appeals (Board) denied Mrs. Elliott's claim for service connection for the cause of her husband's death. While the Board undisputedly mailed copies of its decision to Mrs. Elliott and her attorney, they both claim that they never received them. Mrs. Elliott filed a Notice of Appeal with the Veterans Court shortly after she claims she learned about the Board decision, but well after the statutorily-mandated 120 days from when the Board decision was mailed.

The Veterans Court determined that Mrs. Elliott's Notice of Appeal was untimely, but noted that the 120-day period could be equitably tolled if the "circumstances precluded a timely filing despite the exercise of due diligence." *Elliott v. Shinseki*, No. 12-0357, slip op. at 1–2 (Vet. App. Mar. 1, 2012) (*March 1 Order*) (quoting *Bove v. Shinseki*, 25 Vet. App. 136, 140 (2011)). The Veterans Court invited Mrs. Elliott to explain whether her circumstances warranted equitable tolling. *Id.* Mrs. Elliott responded that she should not be held to the 120-day filing period because she never received notice of the decision, even though she and her attorney diligently

attempted to obtain status updates from the Department of Veterans Affairs (VA) both before and after the Board's decision issued. She and her attorney submitted affidavits explaining that neither of them had received the mailed copy of the Board's decision, and that her attorney sought numerous status updates from the VA but received no response.

The Veterans Court subsequently dismissed Mrs. Elliott's appeal as untimely filed. *Elliott v. Shinseki*, No. 12-0357, slip op. at 1–2 (Vet. App. Aug. 22, 2012). It determined that, under the "presumption of regularity" the Board presumptively mailed the decision on the date that the decision was issued. *Id.* at 1. It also found that the Board presented evidence—via system records and an affidavit of the director of the office responsible for the mailing—that it mailed the decision to Mrs. Elliott and her attorney at the correct addresses. *Id.* at 2. The Veterans Court determined that this evidence was sufficient to show that the Board mailed the decision as required by 38 U.S.C. § 7104(e)(1), and that the 120-day period began to run once the decision was mailed. *Id.* at 1–2. The August 22 order dismissing Mrs. Elliott's appeal did not address the issue of equitable tolling. *Id.* Mrs. Elliott appeals.

## DISCUSSION

We have jurisdiction over the Veterans Court's decisions concerning "all relevant questions of law, including interpreting constitutional and statutory provisions." 38 U.S.C. § 7292(d)(1). We lack jurisdiction over any "challenge to a factual determination" or "challenge to a law or regulation as applied to the facts of a particular case" unless the challenge presents a constitutional issue. *Id.* § 7292(d)(2). We review the Veterans Court's legal determinations *de novo*. *Willsey v. Peake*, 535 F.3d 1368, 1372 (Fed. Cir. 2008). A litigant seeking equitable tolling

must establish (1) diligent pursuit of her rights; and (2) an extraordinary circumstance that prevented her from meeting the filing deadline. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

Mrs. Elliott argues that the Veterans Court committed legal error by not considering whether she was entitled to equitable tolling based on the evidence that she and her attorney submitted. Mrs. Elliott contends that the Veterans Court erroneously considered only whether the Board mailed her a copy of the Board decision. She asserts that 38 U.S.C. § 5104(a) separately requires that the Secretary "provide [Mrs. Elliott] notice" of the decision. 38 U.S.C. § 5104(a). Mrs. Elliott asserts that this separate notice requirement required the Veterans Court to consider her evidence of *nonreceipt* when assessing equitable tolling. She argues that the Veterans Court's concerns in earlier cases regarding a veteran's lack of due diligence and creating an endless duty of the Veterans Court to track down a veteran's current address are not present here. She argues that she and her attorney exercised due diligence and that her position only obligates the VA to respond to requests for decisional documents—an obligation it already has under statute.

The government responds that we do not have jurisdiction to address Mrs. Elliott's equitable tolling argument because the Veterans Court did not decide any issue related to equitable tolling. It asserts that Mrs. Elliott waived her equitable tolling argument by only arguing to the Veterans Court that she should not be held to the 120-day filing period because she had not received a copy of the Board's decision. It asserts that, in light of the arguments Mrs. Elliott presented, the Veterans Court properly addressed only whether Mrs. Elliott's assertions could rebut the presumption of regularity and not whether equitable tolling should apply. The government also

contends that whether the circumstances of Mrs. Elliott's particular case warrant equitable tolling is a factual issue outside of our jurisdiction.

On the merits, the government asserts that the Veterans Court correctly applied the law. It contends that the issue in this case is not whether equitable tolling of the statutory period is warranted, but whether any defect in providing notice prevents the statutory period from beginning to run in the first place. It argues that a defect in service does not prevent the statutory period from running, because the applicable statute states that the statutory period begins running when the Board mails the notice of the decision, not when the claimant receives it. 38 U.S.C. § 7266(a). It also asserts that § 5104(a) does not require the VA to ensure actual notice of its decisions. Instead, it asserts that the proper test for whether notice is received is whether the claimant can rebut the presumption of regularity, and that Mrs. Elliott did not rebut this presumption.

We hold that the Veterans Court erred in refusing to consider whether evidence of nonreceipt coupled with diligence can be a basis for equitable tolling. We have jurisdiction over this appeal because Mrs. Elliott challenges the Board's decision concerning a "relevant question[] of law." 38 U.S.C. § 7292(d)(1). While it is certainly correct that we lack jurisdiction to review the Veterans Court's factual findings, *id.* § 7292(d)(2), that is not what Mrs. Elliott challenges. Instead, she argues that the Veterans Court erred as a matter of law by failing to consider whether evidence of nonreceipt coupled with diligence may be a basis for equitable tolling—she does not ask us to assess the merits of that evidence.

Mrs. Elliott did not waive these arguments. The Veterans Court's March 1 order invited Mrs. Elliott to address "whether the circumstances in the instant case

warrant the equitable tolling of the 120-day . . . period."
*March 1 Order* at 2.  Mrs. Elliott responded that she
"should not be held to the 120-day filing period" because
she was not "given notice of the decision and [she] was
diligent in attempting to obtain [it]." J.A. at 28.  This was
sufficient to preserve her equitable tolling argument for
appeal.

On the merits, the Veterans Court erred by ending its
inquiry with the presumption of regularity, which only
presumes that the Board mailed the decision—a factual
issue that is not in dispute.  However, proof of mailing
does not necessarily demonstrate receipt.  Nor does it
necessarily end the equitable tolling inquiry.  The gov-
ernment is certainly correct that the presumption of
regularity started the clock.  It is also correct that Mrs.
Elliott failed to timely file in the 120 days as required.
But these are the same circumstances present in every
equitable tolling case.

The mailing of the Board's decision was not disposi-
tive in other equitable tolling cases when other circum-
stances prevented a timely filing, such as reliance on an
incorrect statement from a VA official, mental illness, or
filing the notice of appeal with the wrong tribunal.  *See
Bailey v. West*, 160 F.3d 1360, 1368 (Fed. Cir. 1998) (en
banc); *Barrett v. Principi*, 363 F.3d 1316, 1317 (Fed. Cir.
2004); *Jaquay v. Principi*, 304 F.3d 1276, 1278 (Fed. Cir.
2002).  The Veterans Court erred to the extent that it
failed to consider Mrs. Elliott's equitable tolling claim.
On remand, the Veterans Court must consider whether
Mrs. Elliott has established (1) that she diligently pur-
sued her rights; and (2) that there was an extraordinary
circumstance that prevented her from meeting the filing
deadline.  *See Pace*, 544 U.S. at 418.  We vacate and
remand for the Veterans Court to consider whether her
evidence of non-receipt and diligence including unan-

swered requests to the VA for status updates, even after the date of the decision, warrants equitable tolling.[1]

## CONCLUSION

Because the Veterans Court erred in not considering whether Mrs. Elliott was entitled to equitable tolling of the statutory filing period, we *vacate* and *remand*.

## VACATED AND REMANDED

## COSTS

Costs to Appellant.

---

[1] We take no position regarding whether 38 U.S.C. § 5104 requires actual notice of the Board's decision because such a construction is not necessary to the outcome of this appeal.