NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**EDUARDO H. HINOJOSA,**
*Claimant-Appellant,*

**v.**

**Eric K. Shinseki, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2012-7176

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 10-258, Judge Bruce E. Kasold.

---

Decided: May 15, 2013

---

EDUARDO H. HINOJOSA, of Irving, Texas, pro se.

CORINNE A. NIOSI, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, TODD M. HUGHES, Deputy Director. Of counsel on the brief were MICHAEL J. TIMINSKI, Deputy Assistant Gen-

eral Counsel, and AMANDA R. BLACKMON, Attorney, United States Department of Veterans Affairs, of Washington, DC.

———————————

Before LOURIE, O'MALLEY, and TARANTO, *Circuit Judges.*

PER CURIAM.

## DECISION

Eduardo Hinojosa, whose claim for veterans' benefits the Board of Veterans' Appeals rejected, did not file a notice of appeal to the Court of Appeals for Veterans Claims from that rejection within 120 days, as required by statute. The Veterans Court dismissed the appeal as untimely after giving Mr. Hinojosa an opportunity to explain why he missed the 120-day deadline. *Hinojosa v. Shinseki*, No. 10-258, 2012 WL 3038177 (Vet. App. July 26, 2012). Because of the limits on this court's own jurisdiction to review decisions of the Veterans Court, we now dismiss Mr. Hinojosa's appeal from the Veterans Court's dismissal.

## BACKGROUND

Mr. Hinojosa served on active duty in the United States military from January 1966 to November 1967. Years later, he filed a claim for veterans' benefits, asserting that he was suffering from peripheral neuropathy of the upper extremities and that the condition was connected to his military service. In February 1997, the Department of Veterans Affairs Regional Office in Waco, Texas, denied his claim.

Mr. Hinojosa later sought to reopen that claim and also filed additional claims. The Regional Office denied the claims. Mr. Hinojosa appealed to the Board of Veterans' Appeals, which, in November 2007, remanded the matter for additional evidentiary development. The matter returned to the Board after the remand process was

complete, and on August 27, 2009, the Board denied Mr. Hinojosa's claims. The Board sent Mr. Hinojosa a letter enclosing both its decision and VA Form 4597 (June 2008). The Form notified him that he had a right to appeal the Board's decision to the Veterans Court and, as to timing, that he had "120 days from the date [the Board's] decision was mailed to [him] (as shown on the first page of [the] decision) to file a Notice of Appeal with the Court."

Mr. Hinojosa filed, no earlier than January 21, 2010, what the Veterans Court treated as a notice of appeal from the Board decision.[1] That filing was more than 120 days after the date shown on the first page of the Board's decision. In a February 4, 2010 order, the Veterans Court found that it could not review Mr. Hinojosa's appeal because he had not filed it within the 120-day period for appeal established by statute, 38 U.S.C. § 7266(a). But the court allowed Mr. Hinojosa 30 days to show why that conclusion was wrong, *i.e.*, to show why his appeal should not be dismissed for untimeliness. In response, in March 2010, Mr. Hinojosa submitted a medical report and two

---

[1] The docket sheet of the Veterans Court records a notice of appeal dated January 21, 2010. App. 4. But the only document included in the record as the notice of appeal is stamped as received by the Veterans Court on January 25, 2010. App. 29. That document, we note, seems less likely to be an appeal from the Board decision of August 2009 than an appeal from a Regional Office decision, dated September 28, 2009, on a distinct claim filed by Mr. Hinojosa. App. 29, 30, 31-34. The Veterans Court evidently treated the late-January filing, however, as a notice of appeal from the Board decision and calculated timeliness on that assumption. That treatment was favorable to Mr. Hinojosa, who otherwise filed no notice of appeal from the Board decision at all.

statements that detailed current and past medical conditions.

On April 29, 2010, the Veterans Court dismissed Mr. Hinojosa's appeal. The court held that it was untimely under the statutory deadline and that, under this court's decision in *Henderson v. Shinseki*, 589 F.3d 1201 (Fed. Cir. 2009) (en banc), "equitable tolling" of that deadline was not available. Mr. Hinojosa appealed to this court, which vacated the Veterans Court's dismissal and remanded the matter for further consideration, because the Supreme Court had newly held in *Henderson v. Shinseki*, 131 S. Ct. 1197 (2011), that the 120-day deadline for filing an appeal to the Veterans Court is, in fact, subject to "equitable tolling" if a sufficient showing is made in a particular case. *Hinojosa v. Shinseki*, 424 F. App'x. 946, 947 (Fed. Cir. 2011).

On remand, the Veterans Court found that the medical report and statements Mr. Hinojosa had submitted in March 2010 did not establish that his medical condition was sufficiently severe to render him incapable of filing his appeal before the deadline had passed in late December 2009. But the court allowed Mr. Hinojosa an additional 20 days to provide a new showing of why his appeal should not be dismissed. In response, Mr. Hinojosa transmitted three e-mail statements to the Veterans Court that further detailed his medical history and current medical problems. On July 26, 2012, the Veterans Court dismissed his appeal after finding that these explanations did not establish that he was incapable of filing his appeal within the 120-day period prescribed by statute. Mr. Hinojosa appeals.

## DISCUSSION

This court's jurisdiction to review decisions of the Veterans Court is circumscribed by statute. *See* 38 U.S.C. § 7292. We have jurisdiction to decide appeals that challenge the validity of a decision of the Veterans Court

with respect to a rule of law or the validity of any constitutional provision, statute, or regulation, including any interpretation of such a source of law. *Id.* § 7292(d)(1). We do not have jurisdiction to review a challenge to a factual determination made by the Veterans Court or a challenge to a law or regulation as applied to the facts of a particular case unless the challenge presents a constitutional issue. *Id.* § 7292(d)(2).

This appeal falls outside our jurisdiction. The Veterans Court dismissed Mr. Hinojosa's appeal for untimeliness because he did not file within 120 days after the Board decision was mailed and he had no ground for equitably tolling that 120-day limit. Mr. Hinojosa presents no constitutional or other legal challenge to that decision.

Mr. Hinojosa does not challenge the Veterans Court's finding that he missed the 120-day deadline, which, in any event, is a case-specific factual matter raising no constitutional issue and hence not within our jurisdiction to review. Nor does he claim that the Veterans Court adopted an incorrect interpretation of the doctrine of equitable tolling when it examined whether his failure to file before late December 2009 was "a direct result of a medical condition that 'rendered him incapable of rational thought or deliberate decision making, or incapable of handling [his] own affairs or unable to function [in] society.'" *Hinojosa*, 2012 WL 3038177, at *1 (quoting *Arbas v. Nicholson*, 403 F.3d 1379, 1381 (Fed. Cir. 2005)). At most, Mr. Hinojosa disagrees with the Veterans Court's factual determination that he failed to offer an adequate basis for finding the necessary incapacity to excuse his failure to meet the 120-day deadline for filing his appeal. But the Veterans Court's factual determinations, and its application of the law to those facts, are not subject to our review. Accordingly, we have no jurisdiction over this appeal, which must be dismissed.

No costs.

**DISMISSED**