NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**HERMAN C. ESKRIDGE,**

*Claimant-Appellant*

**v.**

**DAVID J. SHULKIN, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2017-1700

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 16-2723, Judge Coral Wong Pietsch.

---

Decided: June 13, 2017

---

HERMAN C. ESKRIDGE, Albany, GA, pro se.

RETA EMMA BEZAK, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., L. MISHA PREHEIM; BRIAN D. GRIFFIN, ANDREW J. STEINBERG, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

_____

Before DYK, TARANTO, and HUGHES, *Circuit Judges.*

PER CURIAM.

Herman C. Eskridge seeks review of the final decision of the Court of Appeals for Veterans Claims dismissing his appeal as untimely. Because Mr. Eskridge has only challenged the Veterans Court's factual decision that his appeal was untimely, we lack jurisdiction and must dismiss the appeal.

I

On November 4, 2015, the Board of Veterans' Appeals denied Mr. Eskridge's request for service-connected disability compensation. On March 28, 2016, 145 days later, the Board received Mr. Eskridge's motion for reconsideration, which it denied on July 18, 2016. On July 29, 2016, 268 days after the Board issued its merits decision, Mr. Eskridge mailed a Notice of Appeal to the Veterans Court.

On September 28, 2016, the Secretary of Veterans Affairs filed a motion to dismiss the appeal as untimely arguing that Mr. Eskridge failed to mail his appeal within 120 days required by statute. On November 1, 2016, the Veterans Court issued a show cause order to Mr. Eskridge directing him to explain, within 20 days, why the court should not dismiss his appeal as untimely. Mr. Eskridge did not respond to the show cause order and therefore the Veterans Court dismissed his appeal as untimely. Mr. Eskridge appeals.

II

We have jurisdiction to review the validity of a decision of the Veterans Court to decide "any challenge to the validity of any statute or regulation or any interpretation thereof brought under this section, and to interpret con-

stitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c). Absent a constitutional issue, this court may not review challenges to factual determinations or challenges to the application of a law or regulation to facts. *Id.* § 7292(d)(2).

Here, Mr. Eskridge appeals solely on the basis that the Veterans Court "erroneously ruled" that he missed the filing deadline. App. Br. at 1. Whether an appeal is timely filed is a factual determination that this court may not review. *See Hinojosa v. Shinseki*, 524 F. App'x. 718, 720 (Fed. Cir. 2013) ("[T]he Veterans Court's finding that [a veteran] missed the 120–day deadline . . . is a case-specific factual matter raising no constitutional issue and hence not within our jurisdiction to review."). Therefore, we must dismiss the appeal for lack of jurisdiction.

**DISMISSED**

No costs.