# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 02-2455

JOHN E. CLAIBORNE, APPELLANT,

V.

R. JAMES NICHOLSON,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Remand from the U.S. Court of Appeals for the Federal Circuit

(Decided    June 8, 2005    )

*Darla J. Lilley*, of Hughes Springs, Texas, was on the pleading for the appellant.

*Tim McClain*, General Counsel; *R. Randall Campbell*, Assistant General Counsel; *Thomas A. McLaughlin,* Special Assistant to the Assistant General Counsel; and *Gabrielle L. Clemons* (nonattorney practitioner), all of Washington, D.C., were on the pleading for the appellee.

Before STEINBERG, HAGEL, and LANCE, *Judges.*

STEINBERG, *Judge*: On December 28, 2002, veteran John E. Claiborne (the appellant), then pro se, filed a Notice of Appeal (NOA) seeking review of a July 24, 2002, Board of Veterans' Appeals (Board or BVA) decision that determined that new and material evidence had not been presented to reopen a previously and finally disallowed claim for Department of Veterans Affairs (VA) service connection for a left-eye disorder. The appellant's NOA was received by the Court more than 120 days after the date stamped on the Board decision. In response to a Court order, the appellant, through counsel, filed a pleading urging that the Court should not dismiss his appeal; his basis for that contention was that he is suffering from dementia or Alzheimer's disease, which prevented him from timely filing his NOA.

In June 2003, the Court, in a single-judge order, noting that ill health has not been adopted by this Court as a basis for equitable tolling, dismissed the instant appeal for lack of jurisdiction. *Claiborne v. Principi*, No. 02-2455, 2003 WL 21436508, at *1 (Vet. App. June 17, 2003).

Thereafter, the appellant appealed to the U.S. Court of Appeals for the Federal Circuit (Federal Circuit), which vacated this Court's decision and remanded the case for further proceedings consistent with that court's decision in *Barrett v. Principi*, 363 F.3d 1316 (Fed. Cir. 2004). *Claiborne v. Principi*, No. 03-7214, 2004 WL 1637367, at *1 (Fed. Cir. July 7, 2004). The Federal Circuit issued its mandate in the instant case on August 30, 2004. On remand here, the parties filed supplemental pleadings. On March 8, 2005, the Court, by single-judge order, dismissed the appeal for lack of jurisdiction. *Claiborne v. Nicholson*, No. 02-2455, 2005 WL 646839, at *6 (Vet. App. 2005). Thereafter, the appellant filed a timely motion for a panel decision. The Court will grant the appellant's motion for a panel decision, withdraw the single-judge order, and issue this opinion in its stead. For the reasons set forth below, the Court will dismiss the appeal for lack of jurisdiction.

## I. Relevant Background

On January 14, 2003, the Clerk of the Court, after noting that the Court could not review a BVA decision unless the claimant had filed an NOA with the Court within 120 days after the BVA mailed notice of its decision, ordered the appellant to show cause why the instant appeal should not be dismissed for lack of jurisdiction. On March 28 and April 22, 2003, the appellant, through counsel, filed responses to that order. The appellant asserts (1) that he is an elderly veteran who is suffering from dementia or Alzheimer's disease and has two daughters who are seriously ill and a wife who is suffering from a serious injury, which resulted after she fell off the front steps to their house and which occurred subsequent to the Board decision; (2) that he has stress associated with his wife's injury and his daughters' illnesses, is confused and disoriented at times, and cannot account for dates and times; and (3) that his mental disability prevented him from timely pursuing his appeal to this Court. Appellant's (App.) April 22, 2003, Response (Resp.) at 2; App. Mar. 28, 2003, Resp., Exhibit (Exh.) A. He thus requests that the Court "invoke the doctrine of equitable tolling and find that he has established good cause for failing to appeal the Board's decision within 120 days." *Ibid*. The appellant supports his assertions with a March 31, 2003, medical opinion from his physician. That opinion recited as follows:

> I have [known] John for many years, approximately 35 plus. It is my diagnosis that he has Alzheimer's and if he does not have that he has dementia. He should be considered for help, either by medical

> attention and or monetary help to maintain his home, his grocery bills, physician and etc.

App. Apr. 22, 2003, Resp. Exh. A at 1. In a separate notation dated April 8, 2003, the physician responded "[y]es" when asked to "clarify whether the condition [from which the appellant] suffers renders him unable to be held to times and dates". *Id*. at 2.

On September 20, 2004, following the Federal Circuit's remand in this case, the Court issued an order noting that, in light of the standards set forth by the Federal Circuit in *Barrett*, *supra*, to govern claims of equitable tolling based on mental incapacity and its remand of this matter to this Court, this Court was in need of supplemental briefing (and any additional relevant evidence) from the parties in support of their positions. *Claiborne v. Principi*, No. 02-2455, 2004 WL 2179170, at *2 (Vet. App. Sept. 20, 2004). Accordingly, in that order this Court directed the appellant, not later than 30 days thereafter, to file a response showing that (1) a medically diagnosed mental illness rendered him (a) "incapable of 'rational thought or deliberate decision making'" or (b) "'incapable of handling [his] own affairs'" or (c) "'unable to function [in] society'" and (2) his "failure to file [a timely NOA] was the 'direct result of [his] mental illness'." *Ibid.* (quoting *Barrett*, 363 F.3d at 1321 (citations omitted)). The Court further directed the Secretary to file a response not later than 30 days after the date on which the appellant filed his response to the September 20, 2004, order.

In his October 18, 2004, response, the appellant maintains that he suffers from Alzheimer's disease or dementia and that the doctrine of equitable tolling should be applied to allow his appeal to proceed. App. Oct. 18, 2004, Resp. at 2-3. He attaches (1) a portion of an article written by two physicians, entitled "Early Diagnosis of Dementia", and (2) medical opinions from two physicians who indicate on identical forms that the appellant "suffers from a form of dementia" and is forgetful. App. Oct. 18, 2004, Resp., Attachments (Attachs.). The two medical opinions are one-page statements that consist of three handwritten checkmarks, each entered next to the typed word "Agree" after the following three typed statements: (1) "John's dementia has severely impaired his ability for rational thought/deliberate decision making since at least July 24, 2002"; (2) "John's dementia has severely impaired his ability to handle his own affairs or function in society since at least July 24, 2002"; and (3) "John's dementia has rendered him unable to be held to times and dates

since at least July 24, 2002, and his failure to file documents in a timely manner during this time frame is a direct result of his dementia." *Ibid*.

In his November 17, 2004, response, the Secretary argues that the appeal should be dismissed because the medical evidence submitted by the appellant is insufficient to establish that the appellant was mentally incapacitated during the judicial-appeal period so as to satisfy the standards prescribed by the Federal Circuit in *Barrett* as necessary to justify equitable tolling. Secretary's (Sec'y) Resp. at 4-5. He argues that the two most recent physicians' opinions do not reflect signs or symptoms of dementia other than forgetfulness and that the appellant has not submitted medical opinions with supporting clinical data that show that he has severe impairment from dementia. *Id.* at 5.

On January 10, 2005, following a Court order granting the appellant's unopposed motion for leave to file a supplemental response, the appellant filed his supplemental response to which he attaches two pieces of additional medical evidence. A medical opinion dated December 13, 2004, from Dr. Fabian Lugo, contained the following information:

> Mr. John Claiborne was seen in neurological evaluation for complaints of memory difficulties. He is a 78-year-old right-handed male . . . who for the past several years has been complaining of memory difficulties. He states that his memory got much worse after he was involved in an accident back in 1970 where he was run over by a vehicle sustaining a brain concussion. Lately, the patient has been experiencing forgetfulness and missing important dates and appointments. He forgets names and faces that should be familiar to him. He denies any personality changes and has not experienced any delusions or hallucinations.

App. Jan. 10, 2005, Resp., Attach. 1 at 1. The medical opinion noted that the appellant "has been disabled since 1983". *Ibid.* Based on a mental examination, the opinion provided the following information:

> The patient was alert, cooperative[,] and oriented to the person, year, date, day[,] and month. Spontaneous speech was fluent and well articulated with no aphasia. Normal verbal/written comprehension. Normal naming and repetition. Affect was appropriate. Able to register three unrelated items and recalled 1/3 after five minutes. Named the current United States of America [P]resident. Able to do simple calculations. No finger agnosia. Proverb interpretation was abstract. Able to copy an intersecting pentagon figure. Fund of

4

knowledge was adequate. Able to spell the word "world" backward with three errors.

*Id.* at 1-2. The impression given was that the appellant's "symptoms are compatible with an early dementia, probably degenerative type", and that his "main problems seem to be with difficulty with his short-term memory which is going to make him prone to forgetting specific dates and appointments." *Id*. at 2. The appellant also attaches to his supplemental response an article entitled "Understanding the Dementia Experience". App. Jan. 10, 2005, Resp., Attach. 2.

## II. Analysis

Regarding the issue whether the appellant is entitled to equitable tolling of the 120-day judicial-appeal period for filing his NOA, the ultimate burden of establishing jurisdiction rests with the appellant. *See McNutt v. G.M.A.C.*, 298 U.S. 178, 189 (1936); *Bethea v. Derwinski*, 2 Vet.App. 252, 255 (1992). This Court has the authority to decide jurisdictional facts. *See Shepard v. West*, 12 Vet.App. 107, 108 (1998) (per curiam order) (finding as fact directly affecting its jurisdiction that time for filing NOA had elapsed before NOA was filed); *Stokes v. Derwinski*, 1 Vet.App. 201, 203-04 (1991) (explaining that appeal presented example where facts that had not been before BVA were crucial to proper determination of whether this Court has jurisdiction over veteran's appeal and finding that particular document constituted Notice of Disagreement). Pursuant to 38 U.S.C. § 7266, in order for a claimant to obtain review of a BVA decision by this Court, that decision must be final and the person adversely affected by it generally must file a timely NOA with the Court. *See Bailey (Harold) v. West*, 160 F.3d 1360, 1363 (Fed. Cir. 1998) (en banc). In order to fulfill its responsibility under 38 U.S.C. § 5104(a) to provide an appellant with notice of a BVA decision, the Board must "promptly mail a copy of its written decision to the [appellant] at the last known address of the [appellant]." 38 U.S.C. § 7104(e). To have been timely filed under 38 U.S.C. § 7266 and Rule 4 of this Court's Rules of Practice and Procedure, an NOA must generally have been received (or, in certain circumstances, be deemed received) by the Court within 120 days after notice of the underlying final BVA decision was mailed. *See Cintron v. West*, 13 Vet.App. 251, 254 (1999); *Leonard v. West*, 12 Vet.App. 554, 555 (1999) (per curiam order); *see also* 38 U.S.C. § 7266(c)(2) (as redesignated by section 507(b)(3) of the Veterans Education and Benefits Expansion Act of 2001,

Pub. L. No. 107-103, 115 Stat. 976, 977). In limited circumstances, the statutory period prescribed for the filing of an NOA may be equitably tolled. *See, e.g., Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *Barrett*, 363 F.3d at 1321 (holding that equitable tolling of 120-day NOA-filing period may be justified if veteran shows that failure to file timely was direct result of mental illness); *Bailey*, 160 F.3d at 1364 (holding that equitable tolling of 120-day filing period may be warranted where VA misled or induced claimant into missing filing deadline); *see also Arbas v. Nicholson*, 403 F.3d 1379, 1381 (Fed. Cir. 2005) (holding that *Barrett* mental-illness criteria were equally applicable to physical illness for tolling 120-day NOA-filing period).

The Federal Circuit in *Barrett* held that "mental illness can justify equitable tolling of section 7266(a) under some circumstances." *Barrett*, 363 F.3d at 1317. The court concluded that the following generalized standards should govern claims of mental incapacity:

> [T]o obtain the benefit of equitable tolling, a veteran must show that the failure to file was the direct result of a mental illness that rendered him incapable of "rational thought or deliberate decision making," or "incapable of handling [his] own affairs or unable to function [in] society." A medical diagnosis alone or vague assertions of mental problems will not suffice. And, if he is represented by counsel during the relevant period, the veteran must make an additional showing that the mental illness impaired the attorney-client relationship.

*Id.* at 1321 (citations omitted). In providing these standards to govern when mental illness may justify equitable tolling of section 7266(a), the Federal Circuit squarely put the burden on the appellant to make the requisite showing. *Barrett*, 363 F.3d at 1321 (concluding that "***veteran must show*** that the failure to file was the direct result of a mental illness that rendered him incapable of 'rational thought or deliberate decision making,' or 'incapable of handling [his] own affairs or unable to function [in] society'" (citations omitted) (emphasis added)); *see also McNutt* and *Bethea*, both *supra*.

In the instant case, the Court holds that the appellant has failed to meet his burden of demonstrating that his failure to file a timely NOA was the "direct result of a mental illness that rendered him incapable of 'rational thought or deliberate decision making,' . . . or 'incapable of handling [his] own affairs or unable to function [in] society.'" *Barrett*, *supra* (quoting *Meléndez-Arroyo v. Cutler-Hammer de P.R., Co.*, 273 F.3d 30, 37 (1st Cir. 2001), and *Smith-Haynie*

6

*v. District of Columbia*, 155 F.3d 575, 580 (D.C. Cir. 1998), respectively).  Although the appellant has submitted a March 2003 medical opinion that noted that he has either Alzheimer's disease or dementia, a December 2004 medical opinion that stated that he has symptoms that "are compatible with an early dementia", and two October 2004 medical opinions that stated that he suffers from "a form of dementia", a diagnosis of dementia alone is not sufficient.  The appellant is required to demonstrate that his failure to file his NOA during the 120-day judicial-appeal period "was the direct result" of his dementia.  *Barrett*, *supra*.  The March 2003 medical opinion did not identify any symptoms regarding the appellant's condition, and the only symptoms noted in the October and December 2004 medical opinions were, respectively, that the appellant "forgets a lot", is "forgetful", and "has difficulty with his short-term memory which is going to make him prone to forgetting specific dates and appointments."

Upon review of the submissions of the appellant, the Court finds that he has failed to provide evidence that the symptoms of his dementia have manifested in such a manner and to such an extent that his failure to file his NOA in a timely fashion was "a direct result" of his medical condition.  The evidence that relates to his symptoms during the relevant judicial-appeal period (i.e., July 25 through November 22, 2002) are the two October 2004 medical opinions that showed that he is "forgetful" and "forgets a lot".  App. Oct. 18, 2004, Resp., Attachs.  The two physicians who provided the October 2004 opinions agreed that "since July 24, 2002", the date of the Board decision, the appellant's dementia (1) "has severely impaired his ability for rational thought/deliberate decision making"; (2) "has severely impaired his ability to handle his own affairs or function in society"; and (3) "has rendered him unable to be held to times and dates." *Ibid*.  These two physicians' opinions also stated that the appellant's "failure to file documents in a timely manner during this time frame is a direct result of his dementia." *Ibid*.  These two physicians' opinions, however, failed to provide any support for these conclusory statements.  No medical history was provided, and the only explanation given for the above statements was that the appellant "forgets a lot" and is "forgetful", *ibid.*, but no facts or data are provided to show how the physicians arrived at the conclusion that the appellant is forgetful.  The opinions did not state whether the physicians had examined the appellant, did not describe the extent of any examination, and did not provide any supporting clinical data to show that he has severe impairment from dementia.  In addition, the opinions failed to set forth any

7

relevant factual detail or any data with respect to the physicians' knowledge about the appellant's condition during a time period that was two years earlier than the date of the opinions.

The Court therefore concludes that the two October 2004 physicians' opinions are of little, if any, evidentiary value because they did not state that the physicians had examined the appellant and did not indicate a basis of fact or data upon which the opinions were rendered. *See Guerrieri v. Brown*, 4 Vet.App. 467, 470-71 (1993) (stating that "probative value of medical[-]opinion evidence is based on the medical expert's personal examination of the patient, the physician's knowledge and skill in analyzing the data, and the medical conclusion that the physician reaches"); *cf. Mariano v. Principi*, 17 Vet.App. 305, 312 (2003) (holding that VA medical examiner's conclusions were of "questionable probative value" because examiner failed to consider certain information). Similarly, the March 2003 medical opinion did not include any facts or data upon which the diagnosis of Alzheimer's disease or dementia was rendered. Even if the language in the three physicians' opinions (March 2003 and October 2004) would be sufficient despite their being conclusory, the Court further holds that the words used in those medical opinions did not meet the high standard imposed by the Federal Circuit in *Barrett*, *supra*, as recently reiterated in *Arbas*, *supra*. In the instant case, the physicians opined that the appellant's dementia "has ***severely impaired*** his ability for rational thought/deliberate decision making" and "has ***severely impaired*** his ability to handle his own affairs or function in society". App. Oct. 18, 2004, Resp., Attachs. (emphasis added). In *Barrett*, the Federal Circuit, however, held that a claimant must show that the failure to file was the direct result of a mental illness that "rendered him ***incapable*** of 'rational thought or deliberate decision making,' or '***incapable*** of handling [his] own affairs or unable to function [in] society'". *Barrett*, 363 F.3d at 1321 (citations omitted) (emphasis added).

Finally, although the December 2004 physician's opinion provided data and factual details, it did not address specifically the appellant's condition during the relevant time period, but reported only generally on his complaints of memory difficulties "for the past several years". Notably, the mental examination conducted in December 2004, albeit dated more than two years ***after*** the relevant time period, showed that the appellant was "alert, cooperative[,] and oriented to the person, year, date, day[,] and month"; that the appellant's affect "was appropriate"; that he was able to name the

8

current President of the United States of America; and that his "[f]und of knowledge was adequate". App. Jan. 10, 2005, Resp., Attach. 1 at 1-2.

On the basis of the foregoing analysis and upon consideration of the parties' pleadings, the Court, after a review of all evidence of record, holds that the appellant has failed to carry his burden of showing that during the 120-day judicial-appeal period his mental condition rendered him incapable of pursuing his claim on his own or that he was incapable of handling his own affairs or was unable to function in society. *See Smith-Haynie*, 155 F.3d at 579-80 (describing equitable tolling based on mental incapacity as "hurdle" that is "high" and concluding that appellant's affidavit did not "yield a reasonable inference that she was incapable of handling her own affairs and functioning in society" where affidavit stated in conclusory manner that she did not understand administrative procedure and failed to aver that meaning of limitations period was unclear to her, failed to state that she was unable to engage in rational thought and deliberate decisionmaking sufficient to pursue her claim alone or through counsel, and failed to provide information to support inference that she was in fact prevented from managing her affairs); *Nunnally v. MacCausland*, 996 F.2d 1, 6-7 (1st Cir. 1993) (describing equitable-tolling standard as "rigorous" and concluding that the following evidence raised genuine factual issue whether mental condition could have disordered appellant's ability to reason and function in society to degree that disorder amounts to reason why she was unable to pursue her claim on her own during relevant limitations period: Evidence showing that appellant had probable diagnosis of paranoid schizophrenia and describing appellant as having "discursive [thought pattern], at times illogical, circumlocutional and highly evasive", suffering from auditory hallucinations, and having "delusional, evasive and indecisive behavior", and that appellant had a condition that was described as "crippling and exceedingly disorienting" and causing "massive disorganization"); *cf. Melendez-Arroyo*, 273 F.3d at 37-38 (concluding that appellant raised factual issue about her mental capacity for purposes of tolling applicable limitations period where evidence showed that "she was so impaired that she had to live with her sister and that for some of the time she was unable to manage even such basic functions as getting dressed and brushing her teeth" and other evidence showed that during an interview she had behaved in a "logical, coherent relevant manner").

9

We note that the Federal Circuit in *Barrett* and *Arbas*, both *supra*, made no reference to the "due diligence" factor that the U.S. Supreme Court had recognized in *Irwin*, 498 U.S. at 96 (noting that, in determining whether equitable tolling is to be applied in particular case, Court is "less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights"). That lack of reference would appear to be because where the evidence submitted by an appellant shows that the failure to file a timely NOA was as a "direct result" of a mental or physical illness that "rendered him incapable of 'rational thought or deliberate decision making,' or 'incapable of handling [his] own affairs or unable to function [in] society'", it necessarily shows that the appellant was incapable of a diligent response during the statutory judicial-appeal period. *Barrett*, *supra* (citations omitted). In any event, the appellant's diligence was not addressed in those opinions, and because the appellant in this case has failed to make a threshold showing that his NOA was untimely as a direct result of his medical condition, we need not decide in this case precisely when an appellant's failure to exercise due diligence would bar a claim for equitable tolling.

### III. Conclusion

The Court grants the appellant's motion for a panel decision and withdraws the Court's March 8, 2005, single-judge order. The Court holds that the appellant has not established that his mental illness justifies equitable tolling of the 120-day judicial appeal-period in 38 U.S.C. § 7266(a). Therefore, the Court dismisses this appeal for lack of jurisdiction.

APPEAL DISMISSED.