Citation Nr: 1730443 
Decision Date: 07/03/17 Archive Date: 08/09/17

DOCKET NO. 09-49 628 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Houston, Texas


THE ISSUES

1. Entitlement to service connection for bilateral ankle disorders, to include arthritis (bilateral ankle disability).

2. Entitlement to service connection for bilateral knee disorders, to include arthritis (bilateral knee disability). 

3. Entitlement to service connection for bilateral shoulder disorders, to include arthritis (bilateral shoulder disability). 

4. Entitlement to service connection for a lumbar spine disorder, to include arthritis (lumbar spine disability). 


REPRESENTATION

Appellant represented by: Texas Veterans Commission


WITNESS AT HEARINGS ON APPEAL

Veteran


ATTORNEY FOR THE BOARD

M. Rescan, Associate Cousel 


INTRODUCTION

The Veteran served in the United States Army from June 1977 to May 1980. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an August 2008 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Houston, Texas. 

The Veteran provided testimony at a hearing before the undersigned Veteran's Law Judge in October 2012 and a transcript of that hearing has been associated with the claims file.

This case was previously before the Board in January 2014 and was remanded for additional development to the Agency of Original Jurisdiction (AOJ) for further development. The case returned in November 2014 at which time the Board denied service connection for lumbar spine, bilateral shoulder, bilateral knee, and bilateral ankle disorders. Following this decision, the Veteran appealed that Board decision to the United States Court of Appeals for Veterans Claims (Court). During the pendency of the appeal, the Veteran and the Secretary of the Department of Veteran Affairs jointly agreed to vacate the Board decision and remand the above issues back to the Board for additional development because the medical opinion that the Board relied on in its November 2014 decision was inadequate. Accordingly, the case was returned to the Board in September 2015 in compliance with the Joint Motion for Remand and corresponding Court order. Thereafter, the appeal was remanded once more in April 2016 to the AOJ for further development. 

Following the April 2016 remand, the Veteran attended a VA examination in July 2016 and also received subsequent addendum opinions. The Board once again found these medical opinions to be inadequate and ordered a Veterans Health Administration (VHA) opinion in April 2017. In June 2017, the Board received a VHA opinion in connection with the current appeal. Given the favorable decision below, the Board finds that appellant will not be prejudiced by the Board's issuance of a decision prior to the appellant and his representative being provided with a copy of the VHA opinion.


FINDINGS OF FACT

1. The evidence of record supports a finding that bilateral ankle disorders, to include arthritis, are related to service. 

2. The evidence of record supports a finding that bilateral knee disorders, to include arthritis, are related to service. 

3. The evidence of record supports a finding that bilateral shoulder disorders, to include arthritis, are related to service. 

4. The evidence of record supports a finding that a lumbar spine disorder, to include arthritis, is related to service. 


CONCLUSIONS OF LAW

1. The criteria for service connection for bilateral ankle disorders, to include arthritis, have been met. 38 U.S.C.A. §§ 1111, 1113, 1131; 38 C.F.R. § 3.303, 3.304, 3.307, 3.309 (2016).

2. The criteria for service connection for bilateral knee disorders, to include arthritis, have been met. 38 U.S.C.A. §§ 1111, 1113, 1131; 38 C.F.R. § 3.303, 3.304, 3.307, 3.309 (2016).

3. The criteria for service connection for a right shoulder disability, to include arthritis, have been met. 38 U.S.C.A. §§ 1111, 1113, 1131; 38 C.F.R. § 3.303, 3.307, 3.304, 3.309 (2016).

4. The criteria for service connection for a lumbar spine disorder, to include arthritis, have been met. 38 U.S.C.A. §§ 1111, 1113, 1131; 38 C.F.R. § 3.303, 3.304, 3.307, 3.309 (2016).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

I. Duty to Notify and Assist

The disposition of the claim decided below is fully favorable to the Veteran. Therefore, the Board finds that all notification and development action necessary to render a fair decision on this matter has been accomplished. 38 U.S.C.A. §§ 5103, 5103A.

II. The Claim

The Veteran is seeking service connection for a bilateral ankle disability, bilateral knee disability, bilateral shoulder disability, and a lumbar spine disability. 

In order to establish service connection for the claimed disability, there must be (1) medical evidence of a current disability; (2) medical, or in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and (3) medical evidence of a nexus between the claimed in-service disease or injury and the current disability. See Hickson v. West, 12 Vet. App. 247, 253 (1999). 

The requirement of a current disability is "satisfied when a claimant has a disability at the time a claim for VA disability compensation is filed or during the pendency of that claim." See McClain v. Nicholson, 21 Vet. App. 319, 321 (2007).

Service connection is warranted where the evidence of record establishes that a particular injury or disease resulting in disability was incurred in the line of duty in the active military service or, if pre-existing such service, was aggravated thereby. 38 U.S.C.A. §§ 1110, 1131; 38 C.F.R. § 3.303. If a condition noted during service is not shown to be chronic, then generally a showing of continuity of symptomatology after service is required for service connection if the disability is one that is listed in 38 C.F.R. § 3.309(a). 38 C.F.R. § 3.303(b); see also Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). 

Service connection may also be granted on the basis of a post-service initial diagnosis of a disease, where the physician relates the current condition to the period of service. 38 C.F.R. § 3.303(d). Other specifically enumerated disorders, including arthritis will be presumed to have been incurred in service if they manifested to a compensable degree within the first year following separation from active duty. 38 U.S.C.A. §§ 1101, 1112, 1113; 38 C.F.R. §§ 3.307, 3.309. 

Except as otherwise provided by law, a claimant has the responsibility to present and support a claim for benefits under the laws administered by VA. VA shall consider all information and medical and lay evidence of record. Where there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, VA shall give the benefit of the doubt to the claimant. 38 U.S.C.A. § 5107; 38 C.F.R. § 3.102; see also Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990). 

Lay statements may serve to support a claim for service connection by supporting the occurrence of lay-observable events or the presence of disability or symptoms of disability subject to lay observation. 38 U.S.C.A. § 1153(a); 38 C.F.R. § 3.303(a); Jandreau v. Nicholson, 492 F.3d 1372 (Fed Cir. 2007); Buchanan v. Nicholson, 451 F.3d 1331 (Fed. Cir. 2006). Although lay persons are competent to provide opinions on some medical issues, some medical issues fall outside the realm of common knowledge of a lay person. See Kahana v. Shinseki, 24 Vet. App. 428, 435 (2011). 

Generally, the degree of probative value which may be attributed to a medical opinion issued by a VA or private treatment provider takes into account such factors as its thoroughness and degree of detail, and whether there was review of the claims file. See Prejean v. West, 13 Vet. App. 444, 448-9 (2000). Also significant is whether the examining medical provider had a sufficiently clear and well-reasoned rationale and a basis in objective supporting clinical data. See Bloom v. West, 12 Vet. App. 185, 187 (1999); Hernandez-Toyens v. West, 11 Vet. App. 379, 382 (1998); see also Claiborne v. Nicholson, 19 Vet. App. 181, 186 (2005) (rejecting medical opinions that did not indicate whether the physicians actually examined the veteran, did not provide the extent of any examination, and did not provide any supporting clinical data).

In evaluating the evidence in any given appeal, it is the responsibility of the Board to weigh the evidence and decide where to give credit and where to withhold the same and, in so doing, accept certain medical opinions over others. Schoolman v. West, 12 Vet. App. 307, 310-11 (1999). In this regard, the Board has been charged with the duty to assess the credibility and weight given to evidence. Davidson v. Shinseki, 581 F. 3d 1313 (Fed. Cir. 2009); Jandreau v. Nicholson, 492 F. 3d 1372 (Fed. Cir. 2007). Indeed, the Court has declared that in adjudicating a claim, the Board has the responsibility to do so. Bryan v. West, 13 Vet. App. 482, 488-89 (2000). In doing so, the Board is free to favor one medical opinion over another, provided it offers an adequate basis for doing so. Evans v. West, 12 Vet. App. 22, 30 (1998). 

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, VA shall resolve reasonable doubt in favor of the claimant. 38 U.S.C.A. § 5107 (West 2014); 38 C.F.R. § 3.102. Gilbert, supra. To deny a claim on its merits, the evidence must preponderate against the claim. Alemany v. Brown, 9 Vet. App. 518 (1996).


A. Bilateral ankle disability 

As to a current disability, the record shows that the Veteran is diagnosed with bilateral degenerative ankle arthritis. 

As to the in-service incurrence, in June 2008 VA formally found that the Veteran's service treatment records (STR) are unavailable for review. The Veteran testified that he went to the clinic for his ankles while on active duty. He stated that he had issues with his feet due to the boots that were issued and that he put a lot of wear and tear on his ankles due to the daily physical training. Moreover, he also stated that he sprained his ankle after stepping on a rock and the clinic gave him a wrap for his ankle. Furthermore, the Veteran stated that he had continued pain with his ankles since he left service. See October 2012 Board Hearing Transcript. The Board finds that the Veteran is considered competent to report on observable problems, such as pain because these symptoms are observable by a lay person. See Davidson, supra; Jandreau, supra. Accordingly, the Board finds the Veteran's statements as to how he hurt his ankles to be highly probative and places significant weight on them. 

The Veteran also submitted a lay statement from his mother. The Veteran's mother stated that her son over the years has had problems with his body. She added that for decades my son has had a lot of difficulty with back, shoulder, and ankle problems. The injuries that he has had have been very painful, including the injuries and problems with his family and alcohol; we have been through a lot of pain because of his injuries that still exist to this day. The Board finds this statement to be competent and credible because the Veteran's mother is able to report on the observable symptoms that her son has dealt with since he left the service. See Davidson, supra; Jandreau, supra. The Board finds this statement to be highly probative because it demonstrates that the Veteran has dealt with physical issues since he left the service. Thus, the Board places significant weight on this statement. 

Turning to the medical evidence at hand, the Veteran attended a VA examination in July 2016 and also received addendum opinions in September 2016 and December 2016. The Board places little weight on these opinions for several reasons. First of all, the examiner stated that the Veteran's claim for these conditions was made several years after service so this makes it less likely to be service related. Moreover, the examiner stated that the mother's lay statement was not based in fact. Furthermore, the examiner continued to cite to the fact that there was no evidence of injuries in the Veteran's STRs even though VA made a formal finding that they were lost. Lastly, these opinions failed to address the Veteran's lay statements of ongoing symptoms since service and the fact that the Veteran stated that he self-medicated and also used alcohol to manage the pain since service. In determining the probative value to be assigned to a medical opinion, the Board must consider three factors: whether a medical expert was fully informed of the pertinent factual premises (i.e., medical history) of the case; whether the medical expert provided a fully articulated opinion; and whether the opinion is supported by a reasoned analysis. Accordingly, the most probative value of a medical opinion comes from its reasoning. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008). Thus, the Board finds that the VA examiner's opinion has little, if any, probative value as to the origins and etiology of the Veteran's current bilateral ankle disability because the doctor did not provide a well-reasoned and thoughtful rationale to support his conclusion. See Prejean, supra; Bloom, supra. 

Since the previous VA examinations were found to be inadequate by the Board, the Board requested a VHA opinion to determine the nature and etiology of the Veteran's disability. The VHA opinion stated that in light of the fact that the Veteran's STRs are not available it is at least as likely as not that the Veteran's current ankle disorder to include arthritis had its onset in service and is related at least in part to service. Moreover, the examiner added that it is as least as likely as not that the Veteran's ankle arthritis manifested itself in the first post-service year. Lastly, the examiner stated that given the Veteran's age and the current severity of his arthritis it is least as likely as not that the etiology of this condition was the Veteran's service. See Dr. Steurer VHA opinion. 

In sum, the Board finds that the June 2017 VHA opinion is the most probative medical evidence of record. See Owens v. Brown, 7 Vet. App. 429, 433 (1995) (holding that VA may favor the opinion of one competent medical expert over that of another when decision makers give an adequate statement of reasons and bases). In reaching this conclusion, the Board has not overlooked the opinions by the VA examiner but simply finds that the VHA opinion is the most probative evidence available because it was well-reasoned, more detailed, and cited to the relevant evidence of record. 

Therefore, after careful consideration of the lay evidence and the probative medical evidence available in this case, the Board finds that the Veteran's bilateral ankle disability is etiologically related to his active duty service. Based on the foregoing and resolving all reasonable doubt in the Veteran's favor, the Board finds that service connection is warranted. 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102; Gilbert supra. 

B. Bilateral knee disability

As to a current disability, the record shows that the Veteran is diagnosed with bilateral degenerative knee arthritis. 

As to the in-service incurrence, in June 2008 VA formally found that the Veteran's STRs are unavailable for review. The Veteran testified that that he had issues with his knees due to the boots they were issued and that he put a lot of wear and tear on his knees due to the daily physical activities associated with his duties as a helicopter mechanic. Moreover, he also stated that as a helicopter mechanic he had to climb onto the helicopter in order to fix them and then would have to jump down off of them. Furthermore, the Veteran stated that he had continued pain with his knees since he left service. See October 2012 Board Hearing Transcript. The Board finds that the Veteran is considered competent to report on observable problems, such as pain because these symptoms are observable by a lay person. See Davidson, supra; Jandreau, supra. Accordingly, the Board finds the Veteran's statements as to how he hurt his ankles to be highly probative and places significant weight on them. 

The Veteran also submitted a lay statement from his mother. The Veteran's mother stated that her son over the years has had problems with his body. She added that for decades her son has had a lot of difficulty with back, shoulder, and ankle problems. The injuries that he has had have been very painful, including the injuries and problems with his family and alcohol; noting that "we have been through a lot of pain because of his injuries that still exist to this day." The Board finds this statement to be competent and credible because the Veteran's mother is able to describe the observable symptoms that her son has dealt with since he left service. See Davidson, supra; Jandreau, supra. The Board finds this statement to be highly probative because it demonstrates that the Veteran has dealt with physical issues since he left the service. Thus, the Board places significant weight on this statement. 

Turning to the medical evidence at hand, the Veteran attended a VA examination in July 2016 and also received addendum opinions in September 2016 and December 2016. The Board places little weight on these opinions for several reasons. First of all, the examiner stated that the Veteran's claim for these conditions was made several years after service so this makes it less likely to be service related. Moreover, the examiner stated that the mother's lay statement was not based in fact. Furthermore, the examiner continued to cite to the fact that there were no evidence of injuries in the Veteran's STRs even though VA made a formal finding that they were lost. Lastly, these opinions failed to address the Veteran's lay statements of ongoing symptoms since service and the fact that the Veteran stated that he self-medicated and also used alcohol to manage the pain since service. In determining the probative value to be assigned to a medical opinion, the Board must consider three factors: whether a medical expert was fully informed of the pertinent factual premises (i.e., medical history) of the case; whether the medical expert provided a fully articulated opinion; and whether the opinion is supported by a reasoned analysis. Accordingly, the most probative value of a medical opinion comes from its reasoning. See Nieves-Rodriguez, supra. Thus, the Board finds that the VA examiner's opinion has little, if any, probative value as to the origins and etiology of the Veteran's current bilateral knee disability because the doctor did not provide a well-reasoned and thoughtful rationale to support his conclusion. See Prejean, supra; Bloom, supra. 

Since the previous VA examinations were found to be inadequate by the Board, the Board ordered a VHA opinion to determine the nature and etiology of the Veteran's disability. The VHA opinion stated that in light of the fact that the Veteran's STRs are not available it is at least as likely as not that the Veteran's current bilateral knee disorder to include arthritis had its onset in service and is related at least in part to service. Moreover, the examiner added that it is as least as likely as not that the Veteran's knee arthritis manifested itself in the first post-service year. Lastly, the examiner stated that given the Veteran's age and the current severity of his arthritis it is least as likely as not that the etiology of this condition was the Veteran's military service. See Dr. Steurer VHA opinion. 

In sum, the Board finds that the June 2017 VHA opinion is the most probative medical evidence of record. See Owens, supra. In reaching this conclusion, the Board has not overlooked the opinions by the VA examiner, but simply finds that the VHA opinion is the most probative evidence available because it was well-reasoned, more detailed, and cited to the relevant evidence of record. 

Therefore, after careful consideration of the lay evidence and the probative medical evidence available in this case, the Board finds that the Veteran's bilateral knee disability is etiologically related to his active duty service. Based on the foregoing and resolving all reasonable doubt in the Veteran's favor, the Board finds that service connection is warranted. 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102; Gilbert supra. 

C. Bilateral shoulder disability

As to a current disability, the record shows that the Veteran is diagnosed with right shoulder impingement syndrome and left acromioclavicular joint osteoarthritis. 

As to the in-service incurrence, in June 2008 VA formally found that the Veteran's STRs are unavailable for review. The Veteran testified that that he had issues with his shoulders in service. He stated that he had to do a lot of heavy lifting due to the daily physical activities associated with his duties as a helicopter mechanic. Specifically, lifting things off trucks, lifting tires, and lifting rims. The Veteran also stated that he would go to the gym and lift heavy weights to work off the stress of work. As such, the Veteran stated that his problems with his shoulders developed on active duty and continued after he left the service. See October 2012 Board Hearing Transcript. The Board finds that the Veteran is considered competent to report on observable problems, such as pain because these symptoms are observable by a lay person. See Davidson, supra; Jandreau, supra. Accordingly, the Board finds the Veteran's statements as to how he hurt his shoulders to be highly probative and places significant weight on them. 

The Veteran also submitted a lay statement from his mother. The Veteran's mother stated that her son over the years has had problems with his body. She added that for decades my son has had a lot of difficulty with back, shoulder, and ankle problems. The injuries that he has had have been very painful, including the injuries and problems with his family and alcohol; we have been through a lot of pain because of his injuries that still exist to this day. The Board finds this statement to be competent and credible because the Veteran's mother is able to report on the observable symptoms that her son has dealt with since he left the service. See Davidson, supra; Jandreau, supra. The Board finds this statement to be highly probative because it demonstrates that the Veteran has dealt with physical issues since he left the service. Thus, the Board places significant weight on this statement. 

Turning to the medical evidence at hand, the Veteran attended a VA examination in July 2016 and also received addendum opinions in September 2016 and December 2016. The Board places little weight on these opinions for several reasons. First of all, the examiner stated that the Veteran's claim for these conditions was made several years after service so this makes it less likely to be service related. Moreover, the examiner stated that the mother's lay statement was not based in fact. Furthermore, the examiner continued to cite to the fact that there were no evidence of injuries in the Veteran's STRs even though VA made a formal finding that they were lost. Lastly, these opinions failed to address the Veteran's lay statements of ongoing symptoms since service and the fact that the Veteran stated that he self-medicated and also used alcohol to manage the pain since service. In determining the probative value to be assigned to a medical opinion, the Board must consider three factors: whether a medical expert was fully informed of the pertinent factual premises (i.e., medical history) of the case; whether the medical expert provided a fully articulated opinion; and whether the opinion is supported by a reasoned analysis. Accordingly, the most probative value of a medical opinion is found to come from its reasoning. See Nieves-Rodriguez, supra. Thus, the Board finds that the VA examiner's opinion has no probative value as to the origins and etiology of the Veteran's current bilateral shoulder disability because the doctor did not provide a well-reasoned and thoughtful rationale to support his conclusion. See Prejean, supra; Bloom, supra. 

Since the previous VA examinations were found to be inadequate by the Board, the Board ordered a VHA opinion to determine the nature and etiology of the Veteran's disability. The VHA opinion stated that in light of the fact that the Veteran's STRs are not available it is at least as likely as not that the Veteran's current bilateral shoulder disorder to include arthritis had its onset in service and is related at least in part to service. Moreover, the examiner added that it is as least as likely as not that the Veteran's shoulder disorders manifested themselves in the first post-service year. Lastly, the examiner stated that given the Veteran's age and the current severity of his arthritis it is least as likely as not that the etiology of this condition was the Veteran's military service. See Dr. Steurer VHA opinion. 

In sum, the Board finds that the June 2017 VHA opinion is the most probative medical evidence of record. See Owens, supra. In reaching this conclusion, the Board has not overlooked the opinions by the VA examiner, but simply finds that the VHA opinion is the most probative evidence available because it was well-reasoned, more detailed, and cited to the relevant evidence of record. 

Therefore, after careful consideration of the lay evidence and the probative medical evidence available in this case, the Board finds that the Veteran's bilateral shoulder disability, to include arthritis, is etiologically related to his active duty service. Based on the foregoing and resolving all reasonable doubt in the Veteran's favor, the Board finds that service connection is warranted. 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102; Gilbert supra. 

D. Lumbar Spine Disability

As to a current disability, the record shows that the Veteran is diagnosed with degenerative disc disease and bilateral SI joint degenerative joint disease

As to the in-service incurrence, in June 2008 VA formally found that the Veteran's STRs are unavailable for review. The Veteran testified that that he injured his back while on active duty due to the heavy lifting associated with his duties as a helicopter mechanic and in particular he hurt his back unloading a truck one day. The Veteran stated that after he hurt his back unloading a truck he went to the clinic and they then sent him to a back specialist. As a result of his back injury, he was placed on profile and accordingly was required to perform limited duties for about a month. Moreover, the Veteran stated that his back problems started in service and continued after he left the military. In order to deal with the low back pain he started seeing a private doctor soon after service and was prescribed painkillers to deal with the pain. In addition to the private doctor he also sought treatment from a chiropractor soon after service. Furthermore, the Veteran stated that he tried to obtain the private medical records from the early 1980s but that those records had been destroyed. See October 2012 Board Hearing Transcript. The Board finds that the Veteran is considered competent to report on observable problems, such as pain because these symptoms are observable by a lay person. See Davidson, supra; Jandreau, supra. Accordingly, the Board finds the Veteran's statements as to how he hurt his back to be highly probative and places significant weight on them. 

The Veteran also submitted a lay statement from his mother. The Veteran's mother stated that her son over the years has had problems with his body. She added that for decades my son has had a lot of difficulty with back, shoulder, and ankle problems. The injuries that he has had have been very painful, including the injuries and problems with his family and alcohol; we have been through a lot of pain because of his injuries that still exist to this day. The Board finds this statement to be competent and credible because the Veteran's mother is able to report on the observable symptoms that her son has dealt with since he left the service. See Davidson, supra; Jandreau, supra. The Board finds this statement to be highly probative because it demonstrates that the Veteran has dealt with physical issues since he left the service. Thus, the Board places significant weight on this statement. 

Turning to the medical evidence at hand, the Veteran attended a VA examination in July 2016 and also received addendum opinions in September 2016 and December 2016. The Board places little weight on these opinions for several reasons. First of all, the examiner stated that the Veteran's claim for these conditions was made several years after service so this makes it less likely to be service related. Moreover, the examiner stated that the mother's lay statement was not based in fact. Furthermore, the examiner continued to cite to the fact that there were no evidence of injuries in the Veteran's STRs even though VA made a formal finding that they were lost. Lastly, these opinions failed to address the Veteran's lay statements of ongoing symptoms since service and the fact that the Veteran stated that he self-medicated and also used alcohol to manage the pain since service. In determining the probative value to be assigned to a medical opinion, the Board must consider three factors: whether a medical expert was fully informed of the pertinent factual premises (i.e., medical history) of the case; whether the medical expert provided a fully articulated opinion; and whether the opinion is supported by a reasoned analysis. Accordingly, the most probative value of a medical opinion is found to come from its reasoning. See Nieves-Rodriguez, supra. Thus, the Board finds that the VA examiner's opinion has little probative value as to the origins and etiology of the Veteran's current lumbar spine disability because the doctor did not provide a well-reasoned and thoughtful rationale to support his conclusion. See Prejean, supra; Bloom, supra. 

Since the previous VA examinations were found to be inadequate by the Board, the Board ordered a VHA opinion to determine the nature and etiology of the Veteran's disability. The VHA opinion stated that in light of the fact that the Veteran's STRs are not available it is at least as likely as not that the Veteran's current low back disorder to include arthritis had its onset in service and is related at least in part to service. Moreover, the examiner added that it is as least as likely as not that the Veteran's arthritis/disc disease in the low back manifested itself in the first post-service year. Lastly, the examiner stated that given the Veteran's age and the current severity of his arthritis/disc disease it is least as likely as not that the etiology of this condition was the Veteran's military service. See Dr. Steurer VHA opinion. 

In sum, the Board finds that the June 2017 VHA opinion is the most probative medical evidence of records. See Owens, supra. In reaching this conclusion, the Board has not overlooked the opinions by the VA examiner, but simply finds that the VHA opinion is the most probative evidence available because it was well-reasoned, more detailed, and cited to the relevant evidence of record. 

Therefore, after careful consideration of the lay evidence and the probative medical evidence available in this case, the Board finds that the Veteran's lumbar spine disability, to include arthritis, is etiologically related to his active duty service. Based on the foregoing and resolving all reasonable doubt in the Veteran's favor, the Board finds that service connection is also warranted for this disorder. 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102; Gilbert supra. 

ORDER

Entitlement to service connection for bilateral ankle disorders, to include arthritis, is granted.

Entitlement to service connection for bilateral knee disorders, to include arthritis, is granted. 

Entitlement to service connection for bilateral shoulder disorders, to include shoulder arthritis, is granted. 

Entitlement to service connection for a lumbar spine disorder, to include arthritis, is granted.


____________________________________________
Michael J. Skaltsounis
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs