﻿Citation Nr: AXXXXXXXX
Decision Date: 02/27/20 Archive Date: 02/27/20

DOCKET NO. 190626-14941
DATE: February 27, 2020

ORDER

Entitlement to service connection for obstructive sleep apnea (OSA), to include as secondary to service-connected posttraumatic stress disorder (PTSD), is granted.

FINDING OF FACT

Resolving reasonable doubt in favor of the Veteran, the evidence of record demonstrates that the Veteran’s OSA was caused by his service-connected PTSD.

CONCLUSION OF LAW

The criteria for entitlement to service connection for OSA have been met. 38 U.S.C. §§ 1110, 1131, 1154, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.304, 3.307, 3.309, 3.310.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the United States Army from August 1966 to May 1969, including service in the Republic of Vietnam. He received the National Defense Service Medal, the Army Good Conduct Medal, the Vietnam Campaign Medal, the Vietnam Service Medal, the Army Commendation Medal, the Air Medal, and the Bronze Star Medal. The Board of Veterans’ Appeals (Board) thanks the Veteran for his honorable service to the country.

This matter comes before the Board on appeal from a June 2019 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO). The decision was issued pursuant to the Veterans Appeals Improvement and Modernization Act of 2017. The Veteran timely filed a VA Form 10182, requesting appeal to the Board through the evidence submission docket. The Veteran was informed that he had 90 days from the date VA received his Form 10182, which was July 11, 2019, to submit additional evidence. The period for evidence submission expired on October 9, 2019. 

This appeal has been advanced on the Board’s docket in accordance with 38 C.F.R. § 20.900(c). 38 U.S.C. § 7107(a)(2).

Entitlement to service connection for OSA, to include as secondary to service-connected PTSD

Service connection is warranted if it is shown that a veteran has a disability resulting from an injury incurred or a disease contracted in active duty service or for aggravation of a pre-existing injury or disease in active military service. 38 U.S.C. § 1110; 38 C.F.R. § 3.303. Establishing direct service connection generally requires competent evidence of: (1) a current disability; (2) an in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship, i.e., a nexus, between the claimed in-service disease or injury and the current disability. Shedden v. Principi, 381 F.3d 1163 (Fed. Cir. 2004). 

A veteran who, during active military, naval, or air service, served in the Republic of Vietnam during the period beginning on January 9, 1962 and ending on May 7, 1975 shall be presumed to have been exposed during such service to an herbicide agent, unless there is affirmative evidence to establish that the veteran was not exposed to any such agent during that service. 38 C.F.R. § 3.307(a). A veteran may be entitled to service connection based on a presumed exposure to herbicides during the Vietnam Era if he is diagnosed with certain diseases enumerated under 38 C.F.R. § 3.309. 38 U.S.C. § 1116; 38 C.F.R. §§ 3.307, 3.309.

Generally, the degree of probative value that may be attributed to a medical opinion issued by a VA or private treatment provider accounts for such factors as the opinion’s thoroughness, degree of detail, and whether there was review of the claims file. See Prejean v. West, 13 Vet. App. 444, 448-49 (2000). Also significant is whether the examining medical provider had a sufficiently clear and well-reasoned rationale, as well as a basis in objective supporting clinical data. See Bloom v. West, 12 Vet. App. 185, 187 (1999); Hernandez-Toyens v. West, 11 Vet. App. 379, 382 (1998); see also Claiborne v. Nicholson, 19 Vet. App. 181, 186 (2005) (rejecting medical opinions that did not indicate whether the physicians physically examined the veteran, did not provide the extent of any examination, and did not provide any supporting clinical data).

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant. 38 U.S.C. § 5107; 38 C.F.R. § 3.102; see also Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990).

Here, the Veteran contends that he began experiencing symptoms of OSA just before his discharge from the military. See correspondence dated July 10, 2019. He further contends that a presumed exposure to herbicide agents while on active duty service caused or contributed to the disorder. Id. He additionally asserts that his OSA was caused by or aggravated by his service-connected PTSD, citing to and summarizing scientific and medical articles suggesting an association between PTSD and OSA. Id.

As an initial matter, a review of the record confirms that the Veteran underwent a sleep study in September 2018 and was subsequently diagnosed with OSA. However, the disorder is not one eligible for presumptive service connection based on exposure to herbicide agents. See 38 C.F.R. § 3.309. Therefore, the Board will focus its analysis on service connection for OSA on a direct basis or as secondary to the Veteran’s service-connected PTSD. 

Concerning an in-service incurrence of sleep apnea, the Veteran reported first experiencing symptoms of OSA as early as 1968, prior to his military discharge. See, e.g., VA medical examination dated June 8, 2019. He contends that his symptoms have progressively worsened since that time. Id. However, the Board notes that the Veteran’s service treatment records and separation examination are silent for any documentation of OSA or its symptoms. Although the Veteran is competent to describe symptoms he has personally observed or experienced, his lay observations are not competent to establish etiology. See Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007). 

The Board notes that there are two relevant nexus opinions of record, furnished by medical professionals. 

In a February 2019 medical opinion, a private psychologist opined that the Veteran’s OSA is “more likely than not […] a direct result of the combination” of the Veteran’s PTSD and his military service and further suggested that the severity of the Veteran’s PTSD exacerbated his OSA. The psychologist reported his credentials, which include a doctoral dissertation on the effects of PTSD in Vietnam-era veterans. He personally evaluated the Veteran and based his opinion on a physical evaluation, a review of the Veteran’s pertinent medical records, his personal experience examining veterans with PTSD and OSA, and a knowledge of current medical literature and findings pertaining to the interplay of symptoms of the two respective disorders. He also provided sound reasoning for his conclusion that the Veteran’s OSA was caused by or aggravated by his service-connected PTSD, noting “well-known sleep disturbances associated with PTSD”, the severity of the Veteran’s PTSD (70%), and that “the interrelationship of these disorders becomes greater with the severity or chronicity of PTSD.” The Board finds the opinion to be highly probative. 

In a June 2019 VA examination report, a clinician concluded that the Veteran’s OSA was less likely than not proximately due to or the result of the Veteran’s service-connected PTSD. In so finding, the clinician reasoned, after reviewing the relevant medical records and the articles the Veteran submitted regarding the association between PTSD and OSA, that the information contained therein may suggest a correlation but does not establish a causal relationship between the two disorders. The clinician did not provide an opinion as to whether the Veteran’s PTSD aggravated his OSA or whether the Veteran’s OSA was otherwise caused by or is related to his active military service. 

Given the foregoing, and resolving all reasonable doubt in the Veteran’s favor, the Board finds that the evidence of record demonstrates that the Veteran’s OSA was at least as likely as not caused by his service-connected PTSD. Accordingly, entitlement to service connection for OSA is warranted. 

 

 

M. C. GRAHAM

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board G. Tolbert, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.